# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SMONE HONEYCUTT, JERESA WHITE, and SHANTEL SAGO, individually and on behalf of similarly situated individuals, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:25-cv-10885 |
| | ) | |
| v. | ) | Hon. Martha Pacold |
| | ) | |
| TEA DATING ADVICE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS UNOPPOSED LOCAL RULE 40.4 AND
FEDERAL RULE OF CIVIL PROCEDURE 42(A) MOTION FOR FINDING OF
RELATEDNESS AND CONSOLIDATION**

This is one of four putative class action cases filed against Defendant Tea Dating Advice, Inc. ("Defendant") which purports to assert claims under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"), in connection with allegations that Defendant extracted facial data from photos without making the proper disclosures or obtaining written consent. The complaints in all four cases define the putative classes in materially the same manner. To avoid wastefully duplicative litigation, and pursuant to Local Rule 40.4 and Fed. R. Civ. P. 42(a), all four cases should be deemed related, assigned to this Court's docket, and consolidated for further proceedings, including ordering the filing of a single consolidated complaint.

**BACKGROUND**

Plaintiffs Smone Honeycutt, Jeresa White, and Shantel Sago filed a putative class action in the Circuit Court of Cook County on August 6, 2025. Defendant removed the case to this Court on September 10, 2025. (**Exhibit A**, *Honeycutt v. Tea Dating Advice, Inc.*, No. 1:25-cv-10885 (N.D. Ill.) at ECF No. 1-1.) ("*Honeycutt*"). The *Honeycutt* Plaintiffs allege violations of the Illinois

Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA") in connection with Defendant's alleged use of the *Honeycutt* Plaintiffs' photos. They allege that Defendant violated BIPA by collecting, capturing, possessing, storing, and disclosing their facial data extracted from their photos without making the proper disclosures or obtaining written consent. (Ex. A ¶¶ 26-29.) The *Honeycutt* Plaintiffs seek to represent a class defined as "[a]ll individuals whose facial biometric identifiers or biometric information were collected, captured, stored, possessed, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period." (Ex. A ¶ 31.)

Plaintiffs Eric Diaz, Mark Sullivan, and Craig Hatfield filed a putative class action in the Circuit Court of the Twelfth Judicial Circuit, Will County, on August 7, 2025. Defendant removed the case to this Court on September 10, 2025. (**Exhibit B**, *Diaz v. Tea Dating Advice, Inc.*, No. 1:25-cv-10895 (N.D. Ill.) at ECF No. 1-1.) ("*Diaz*"). The *Diaz* Plaintiffs allege counts for violation of BIPA and violation of the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq.* in connection with Defendant's alleged use of the *Diaz* Plaintiffs' photos. For their BIPA count, they allege that Defendant violated BIPA by collecting, capturing, possessing, storing, and disclosing their facial data without making the proper disclosures or obtaining written consent. (Ex. B ¶¶ 31-33.). The *Diaz* Plaintiffs seek to represent a BIPA class defined as "[a]ll individuals whose facial biometric identifiers or biometric information were collected, captured, stored, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period." (Ex. B ¶ 43.) *Diaz* is pending before the Honorable Lindsay C. Jenkins.

Plaintiff Rodneka Perry filed a putative class action in the Circuit Court of Cook County on August 20, 2025. Defendant removed the case to this Court on October 2, 2025. (**Exhibit C**, *Perry v. Tea Dating Advice, Inc.*, No. 1:25-cv-12045 (N.D. Ill.) at ECF No. 1-1.) ("*Perry*").

Plaintiff Perry alleges counts for violations of BIPA in connection with Defendant's alleged use of her photos. She alleges that Defendant violated BIPA by collecting, capturing, possessing, storing, and disclosing her facial data without making the proper disclosures or obtaining written consent. (Ex. C ¶ 11.). She seeks to represent a class defined as "[a]ll individuals in the State of Illinois who had their biometric identifiers and/or biometric information collected, captured, received, obtained, maintained, stored or disclosed by Defendant during the applicable statutory period." (Ex. C ¶ 49.) *Perry* is pending before the Honorable Georgia N. Alexakis.

Plaintiff Jasmine Valdez filed a putative class action in the Circuit Court of Cook County on August 29, 2025. Defendant removed the case to this Court on October 2, 2025. (**Exhibit D**, *Valdez v. Tea Dating Advice, Inc.*, No. 1:25-cv-12050 (N.D. Ill.) at ECF No. 1-1.) ("*Valdez*"). Plaintiff Valdez alleges counts for violations of BIPA in connection with Defendant's alleged use of her photos. She alleges that Defendant violated BIPA by collecting, capturing, possessing, and storing her facial data without making the proper disclosures or obtaining written consent. (Ex. C ¶ 38.). She seeks to represent a class defined as "[a]ll Illinois residents who had their facial geometry captured, collected, possessed, received, stored, otherwise obtained and/or used, by Defendant in Illinois." (Ex. D ¶ 49.) *Valdez* is pending before the Honorable April M. Perry.

## ARGUMENT

### I.     The Cases Are Related And Should Be Transferred To This Court's Docket Under Local Rule 40.4.

Local Rule 40.4 specifies that "[t]wo or more civil cases may be related if … the cases involve some of the same issues of fact or law… or … in class action suits, one or more of the classes involved in the cases is or are the same."  L.R. 40.4(a).  The rule further specifies that a later-filed case may be reassigned to the judge presiding over the earlier-filed case if "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result

in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." L.R. 40.4(b).

*Diaz*, *Perry*, and *Valdez* (collectively, "*Tea Dating Cases*") are related to this case under Local Rule 40.4(a) and should be transferred to this Court's docket under Local Rule 40.4(b). This case and the *Tea Dating Cases* are all matters where the plaintiffs assert claims against Defendant for alleged violation of BIPA based on allegations that Defendant extracted their facial data from their photos. (Ex. A ¶¶ 19-30; Ex. B ¶¶ 25-34; Ex. C ¶¶ 29-46; Ex. D ¶¶ 18-39). Although Defendant disputes the allegations and disputes that a class can be certified in any of the four cases, all four cases are putative class action suits in which the named plaintiffs seek to represent putative classes defined in materially the same manner:

| **Action** | **Class** |
|---|---|
| Instant Action | "All individuals whose facial biometric identifiers or biometric information were collected, captured, stored, possessed, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period. (Ex. A ¶ 31) |
| *Diaz* Action | "All individuals whose facial biometric identifiers or biometric information were collected, captured, stored, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period." |
| *Perry* Action | "All individuals in the State of Illinois who had their biometric identifiers and/or biometric information collected, captured, received, obtained, maintained, stored or disclosed by Defendant during the applicable statutory period." (Ex. C ¶ 49.) |
| *Valdez* Action | "All Illinois residents who had their facial geometry captured, collected, possessed, received, stored, otherwise obtained and/or used, by Defendant in Illinois." (Ex. D ¶ 40.) |

Consequently, the requirements of Local Rule 40.4(a) are met.

4

Furthermore, the conditions for reassigning *Diaz*, *Perry*, and *Valdez* to this Court's calendar under Local Rule 40.4(b) are met.  All four cases are pending in the U.S. District Court for the Northern District of Illinois.  Because each case seeks to assert BIPA claims against Defendant based on allegations that Defendant extracted facial data from photos, and the named Plaintiffs in each case all seek to represent a putative class defined in materially the same manner in each of the four complaints, having a single judge handle all cases will likely result in a substantial saving of judicial time and effort. Defendant has not yet filed its responsive pleading in any case, so designating the *Tea Dating Cases* as related to this case will not cause any substantial delay. Finally, the cases are susceptible of disposition in a single proceeding.

## II.      The Cases Should Be Consolidated Under Fed. R. Civ. P. 42(a)(2).

Federal Rule of Civil Procedure 42(a) authorizes the consolidation of cases that "involve a common question of law or fact." "Whether to consolidate cases is within the court's discretion." *Rongere v. City of Rockford, Illinois*, No. 19 C 50133, 2022 WL 2355908, at *1 (N.D. Ill. Jan. 7, 2022). "For consolidation to be appropriate, the claims do not need to 'neatly overlap,' and the issues of fact or law do not need to be identical." *Id.*

All four cases should be consolidated under Fed. R. Civ. P. 42(a)(2). As explained above, all four cases purport to assert putative class action claims under BIPA, and the complaints in all four cases include materially the same proposed class definition. Although Defendant's position is that a class cannot be certified in any of the four cases, "'[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge.'" *Hedick v. Kraft Heinz Co.*, No. 19-CV-1339, 2019 WL 4958238, at *3 (N.D. Ill. Oct. 8, 2019) (quoting *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999)). Indeed, courts in this District have recognized that consolidation is appropriate under these

circumstances. *See Johnson v. Ford Motor Co.*, No. 1:23-CV-14027, 2024 WL 1328829, at *3 (N.D. Ill. Mar. 28, 2024) (ordering Local Rule 40.4 reassignment and Fed. R. Civ. P. 42(a) consolidation of putative class actions which alleged violation of the same laws in relation to the defendant's camera system); *Brunner v. Jimmy John's, LLC*, No. 14 C 5509, 2016 WL 7232560, at *2 (N.D. Ill. Jan. 14, 2016) (consolidating cases that "both involve FLSA claims for unpaid overtime based on highly similar allegations asserted on behalf of nationwide FLSA collectives of Jimmy John's assistant store managers").

## CONCLUSION

The *Tea Dating Cases* should all be deemed related and transferred to this Court's docket pursuant to Local Rule 40.4. Additionally, to avoid wastefully duplicative litigation in these overlapping putative class actions, all four cases should be consolidated, and the named Plaintiffs in all four cases should be ordered to file a consolidated complaint, pursuant to Fed. R. Civ. P. 42.

Dated: October 6, 2025        Respectfully submitted,

By: */s/ Katharine H. Walton*
Joel C. Griswold
Bonnie Keane DelGobbo
Katharine H. Walton
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 3700
Chicago, Illinois 60606
Telephone: (312) 416-6200
jcgriswold@bakerlaw.com
bdelgobbo@bakerlaw.com
kwalton@bakerlaw.com

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 6, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all Counsel of Record. I further certify that I caused a true copy of the foregoing document to be served via email and first-class mail on October 6, 2025, to:

Eugene Y. Turin
Jordan R. Frysinger
McGuire Law, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com

Ryan F. Stephan
James B. Zouras
Catherine Mitchell Duffy
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com

Jay Kumar
211 W. Wacker Dr, Suite 200B
Chicago, IL 60606
Tel: 312-767-7903
Jay@jaykumarlaw.com

*/s/ Katharine H. Walton*

# EXHIBIT A

FILED
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08182
Calendar, 9
33899118

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

SMONE HONEYCUTT, JERESA )
WHITE, and SHANTEL SAGO )
individually and on behalf of similarly )
situated individuals, )
)
    *Plaintiffs,* )
            v. )
)
TEA DATING ADVICE, INC, a )
Delaware corporation, )
)
    *Defendant.* )
)

No.  **2025CH08182**

Hon.

## CLASS ACTION COMPLAINT

Plaintiffs Smone Honeycutt, Jeresa White, and Shantel Sago (collectively "Plaintiffs"), individually and on behalf of other similarly situated individuals, bring this Class Action Complaint against Defendant Tea Dating Advice, Inc. ("Defendant" or "Tea") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") and to obtain redress for all persons injured by Defendant's conduct. Plaintiffs allege as follows based on personal knowledge as to their own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by their attorneys.

## INTRODUCTION

1.     Plaintiffs seek to represent a class of individuals who had their unique facial biometrics unlawfully collected, retained, disclosed and used without their consent or authorization by Defendant when they interacted with the identity verification process as part of registration for Defendant's Tea App.

2.     On behalf of themselves and the proposed Class defined below, Plaintiffs seek an

injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class, together with costs and reasonable attorneys' fees.

## PARTIES

4.      At all relevant times, Plaintiff Smone Honeycutt has been a citizen of Illinois and resident of Will County.

5.      At all relevant times, Plaintiff Jeresa White has been a citizen of Illinois and resident of Cook County.

6.      At all relevant times, Plaintiff Shantel Sago has been a citizen of Illinois and resident of Will County.

7.      Defendant Tea Dating Advice, Inc. is a Delaware corporation that conducts business throughout Illinois, including in Cook County, Illinois.

## JURISDICTION AND VENUE

8.      This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant conducts business within this state and because Plaintiffs' claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiffs' biometric identifiers and/or biometric information in this state.

9.      Venue is proper in Cook County, Illinois pursuant to 735 ILCS 5/2-101, because Defendant conducts business in Cook County, Illinois, and thus resides there under § 2-102, and because the biometric transactions out of which this cause of action arises occurred in Cook County, Illinois.

## THE BIOMETRIC INFORMATION PRIVACY ACT

10.     "Biometrics" refers to a "biology-based set[s] of measurements." *Rivera v. Google*

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

*Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017). Specifically, "biometrics" are "a set of measurements of a specified physical component (eye, finger, voice, hand, face)." *Id.* at 1296.

11.     BIPA was enacted in 2008 in order to safeguard individuals' biometrics as the result of the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA is codified as Act 14 in Chapter 740 of the Illinois Compiled Statutes.

12.     As set forth in BIPA, biologically unique identifiers, such as a person's unique facial geometry, cannot be changed. 740 ILCS 14/5(c). The inalterable nature of biologically unique identifiers presents a heightened risk when an individual's biometrics are not protected in a secure and transparent fashion. 740 ILCS 14/5(d)–(g).

13.     As a result of the need for enhanced protection of biometrics, BIPA imposes various requirements on private entities that collect or maintain individuals' biometrics, including those obtained through facial scans.

14.     Among other things, BIPA seeks to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). BIPA thus applies to entities that interact with two forms of biometric data: biometric "identifiers" and biometric "information." 740 ILCS 14/15(a)-(e).

15.     BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints, voiceprints, palm scans and facial geometry. "Biometric identifiers" are physiological, as opposed to behavioral, characteristics. BIPA's text provides a non-exclusive list of protected "biometric identifiers," including "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

16.     "Biometric information" is defined by BIPA as "any information, regardless of

3

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id*. This definition helps ensure that information based on a biometric identifier that can be used to identify a person is covered by BIPA. Collectively, biometric identifiers and biometric information are known as "biometrics."

17.     In BIPA, the Illinois General Assembly identified five distinct activities that may subject private entities to liability:

  a.     possessing biometrics without a proper publicly available policy, 740 ILCS 14/15(a);

  b.     collecting, capturing, purchasing, receiving, or obtaining biometrics, 740 ILCS 14/15(b);

  c.     selling, leasing, trading, or profiting from biometrics, 740 ILCS 14/15(c);

  d.     disclosing or disseminating biometrics, 740 ILCS 14/15(d); and

  e.     failing to secure biometric data using a reasonable standard of care, 740 ILCS 14/15(e).

18.     As the Illinois Supreme Court has held, BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 33, 129 N.E.3d 1197, 1206 (Ill. 2019). The Illinois Supreme Court further held that when a private entity fails to comply with BIPA "that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach." *Id.*

## FACTUAL BACKGROUND

19.     Defendant is the owner and operator of the viral mobile phone dating application "Tea" (hereinafter the "Tea App.").

20.     During the relevant period, Defendant claims to have had 5.7 million users register

4

for its Tea App., including thousands of users residing within the State of Illinois.[1]

21.     In order to verify the gender and identity of potential users of the Tea App. Defendant collected, stored, possessed, and analyzed potential users' facial geometry. Specifically, the Tea App required potential users to upload a "selfie" picture of their face. Some users were also required to upload photos of their Illinois Driver's License. These photos were then used to biometrically analyze potential users' facial geometry to verify their gender and identity before granting them access to Defendant's services.

22.     In or about July of 2025, Plaintiff Smone Honeycutt registered as a user of the Tea App. During the registration process Plaintiff was required to upload a "selfie" picture of her face so that Defendant could biometrically analyze her facial geometry to verify her gender.

23.     In or about July of 2025, Plaintiff Jeresa White registered as a user of the Tea App. During the registration process Plaintiff was required to upload a "selfie" picture of her face as well as a photo of her Illinois Driver's License so that Defendant could biometrically analyze her facial geometry to verify her gender and identity.

24.     On information and belief, Defendant used Plaintiff White's "selfie" picture of her face so that it could biometrically compare the "selfie" with Plaintiff White's picture on her Illinois Driver's License and confirm that the images match.

25.     In or about July of 2025, Plaintiff Shantel Sago registered as a user of the Tea App. During the registration process Plaintiff was required to upload a "selfie" picture of her face so that Defendant could biometrically analyze her facial geometry to verify her gender.

26.     Thus, each time Plaintiffs were required to upload a "selfie" or picture of their Illinois Driver's License to verify their gender or identity, Defendant collected, captured,

---

[1] https://www.teaforwomen.com/about (last accessed July 31, 2025).

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

possessed, and stored their biometrics in the form of facial geometry.

27.     However, even though Defendant collected, captured, possessed, and stored Plaintiffs' and Class members' facial biometrics, Defendant failed to obtain proper written consent as required by BIPA to collect such biometrics.

28.     In addition, at the time Defendant collected and came into possession of Plaintiffs' facial biometrics, Defendant failed to make publicly available any BIPA compliant written policy as to Defendant's retention and deletion practices regarding the biometrics in its possession.

29.     On information and belief, Defendant uses third-party biometric services in order to verify the gender and identity of individuals registering for its Tea App. Thus, by using a third-party vendor to biometrically analyze Plaintiffs' facial biometrics, Defendant also unlawfully disclosed Plaintiffs' and other Class members' facial biometric data to third-party biometric vendors and data storage vendors without Plaintiffs' and Class members' consent.

30.     By failing to comply with BIPA, Defendant has violated Plaintiffs' substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

31.     Plaintiffs bring this action on behalf of themselves and a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiffs seek to represent a Class defined as follows:

> **Class**: All individuals whose facial biometric identifiers or biometric information were collected, captured, stored, possessed, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period.

32.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

33.     There are thousands of members of the Class, making the members of the Class so

6

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiffs, the members can be easily identified through Defendant's records.

34.     Plaintiffs' claims are typical of the claims of the Class they seek to represent, because the basis of Defendant's liability to Plaintiffs and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiffs and to the Class.

35.     There are many questions of law and fact common to the claims of the Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

    a.    Whether Defendant collects, captures, or otherwise obtains facial biometric identifiers or biometric information from Illinois residents;

    b.    Whether Defendant obtained valid written consent from the Class members before capturing, collecting, or otherwise obtaining their facial biometric identifiers or biometric information;

    c.    Whether Defendant disseminates or otherwise discloses the biometric information of Class members without their consent;

    d.    Whether Defendant had a publicly available policy regarding its use of biometrics that was compliant with BIPA;

    e.    Whether Defendant's conduct violates BIPA;

    f.    Whether Defendant's BIPA violations are willful or reckless; and

    g.    Whether Plaintiffs and the Class are entitled to damages and injunctive relief.

36.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

7

piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

37.     Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class they seek to represent. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

38.     Defendant has acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

### COUNT I
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.**
**(On behalf of Plaintiffs and the Class)**

39.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

40.     Defendant is a private entity under BIPA.

41.     BIPA requires a private entity, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

(3) receives a written release executed by the subject of the biometric identifier or biometric information " 740 ILCS 14/15(b).

42.　　Plaintiffs and the other Class members have had their "biometric identifiers," namely scans of their facial geometry collected, captured, or otherwise obtained by Defendant when they registered as users for Defendant's service. 740 ILCS 14/10.

43.　　Defendant's practice with respect to capturing, collecting, storing, possessing, disclosing and using biometrics fails to comply with applicable BIPA requirements:

     a.　　Defendant failed to make publicly available a written biometric retention and destruction policy detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics it stores, as required by 740 ILCS 14/15(a);

     b.　　Defendant failed to inform Plaintiffs and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

     c.　　Defendant failed to inform Plaintiffs and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

     d.　　Defendant failed to inform Plaintiffs and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

     e.　　Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3); and

     f.　　Defendant failed to obtain informed consent to disclose or disseminate the

FILED DATE: 8/6/2025 1:18 PM  2025CH08182

9

Class's biometrics, as required by 740 ILCS 14/15(d)(1).

44.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

45.     Defendant's violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

46.     Accordingly, with respect to Count I, Plaintiffs, individually and on behalf of the proposed Class, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf the proposed Class, respectfully requests that this Court enter an Order:

a.      Certifying the Class as defined above, appointing Plaintiffs as class representatives and the undersigned as class counsel;

b.      Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.      Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with BIPA;

d.      Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e.      Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f.      Awarding reasonable attorneys' fees, costs, and other litigation expenses,

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

pursuant to 740 ILCS 14/20(3);

g.    Awarding pre- and post-judgment interest, as allowable by law; and

h.    Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

DATED: August 6, 2025          Respectfully submitted,

SMONE HONEYCUTT, JERESA WHITE, and SHANTEL SAGO, individually and on behalf of similarly situated individuals

By: /s/ *Jordan R. Frysinger*
One of Plaintiffs' Attorneys

Eugene Y. Turin
Jordan R. Frysinger
McGuire Law, P.C. (Firm ID 56618)
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiffs and the Putative Class*

11

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 9

FILED
8/11/2025 11:42 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08182
Calendar, 9
33955086

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

SMONE HONEYCUTT, JERESA
WHITE, and SHANTEL SAGO
individually and on behalf of similarly
situated individuals,

    *Plaintiffs*,

    v.

TEA DATING ADVICE, INC, a
Delaware corporation

    *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2025-CH-08182

Hon. Cecilia A. Horan

### PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

    Plaintiffs Smone Honeycutt, Jeresa White, and Shantel Sago ("Plaintiffs"), by and through their undersigned counsel, pursuant to 735 ILCS 5/2-801, move for entry of an order certifying the Class proposed below, appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' attorneys as Class Counsel. Alternatively, Plaintiffs request, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g.*, *Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011). In support of their Motion, Plaintiffs submit the following Memorandum of Law.

FILED DATE: 8/11/2025 11:42 AM    2025CH08182

Dated: August 11, 2025

Respectfully submitted,

SMONE HONEYCUTT, JERESA WHITE, and SHANTEL SAGO, individually and on behalf of similarly situated individuals,

By:    /s/ *Jordan R. Frysinger*
         *One of Plaintiffs' Attorneys*

Eugene Y. Turin
Jordan R. Frysinger
MCGUIRE LAW, P.C. (Firm ID 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiffs and the Putative Class*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR
A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY**

This Court should certify a class of individuals whose biometric information was collected, retained, disclosed and used without their consent or authorization by Defendant Tea Dating Advice, Inc. ("Defendant" or "Tea") in Illinois (the "Class").

Defendant is the owner and operator of the viral mobile phone dating application "Tea" (hereinafter the "Tea App.") which has garnered over 5.7 million users including thousands within Illinois. In order to verify Plaintiffs' and Class Members' identity and gender, Defendant collected, stored, possessed, and analyzed Plaintiffs' and Class Members' facial geometry without adequate consent. As part of the registration process Defendant required Plaintiffs and Class Members to upload a "selfie" picture of their face; some were also required to upload photos of their Illinois Driver's License. These photos were then used to biometrically analyze Plaintiffs' and Class Members' facial geometry to verify their gender and identity before granting them access to Defendant's services

## I.    INTRODUCTION: BIPA

Recognizing the power of biometric information to identify people, and the evolving understanding of the ways in which biometric identifiers can be used, the Illinois Legislature enacted BIPA to provide heightened biometric privacy rights. As a result of the need for enhanced protection of biometrics, BIPA imposes various requirements on private entities that collect or maintain individuals' biometrics, including those obtained through facial scans. Among other things, BIPA seeks to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). BIPA thus applies to entities that interact with two forms of biometric data: biometric "identifiers" and biometric

FILED DATE: 8/11/2025 11:42 AM   2025CH08182

FILED DATE: 8/11/2025 11:42 AM    2025CH08182

"information." 740 ILCS 14/15(a)-(e). The Illinois General Assembly has identified five distinct activities that may subject private entities to liability:

a.   possessing biometrics without a proper publicly available policy, 740 ILCS 14/15(a);

b.   collecting, capturing, purchasing, receiving, or obtaining biometrics, 740 ILCS 14/15(b);

c.   selling, leasing, trading, or profiting from biometrics, 740 ILCS 14/15(c);

d.   disclosing or disseminating biometrics, 740 ILCS 14/15(d); and

e.   failing to secure biometric data using a reasonable standard of care, 740 ILCS 14/15(e).

BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints, voiceprints, palm scans and facial geometry. "Biometric identifiers" are physiological, as opposed to behavioral, characteristics. BIPA's text provides a non-exclusive list of protected "biometric identifiers," including "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10. (Compl., ¶ 15.)

"Biometric information" is defined by BIPA as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10. This definition helps ensure that information based on a biometric identifier that can be used to identify a person is covered by BIPA. Collectively, biometric identifiers and biometric information are known as "biometrics." (Compl., ¶ 16.)

## II.   **FACTUAL BACKGROUND**

### A.   **The Underlying Misconduct.**

As part of the registration process for use of their service, Defendant collected, stored, possessed, and analyzed Plaintiffs' and Class Members' facial geometry without adequate consent.

4

FILED DATE: 8/11/2025 11:42 AM   2025CH08182

(Compl., ¶ 21.) Specifically, Defendant required Plaintiffs and Class Members to upload a "selfie" picture of their face; some Plaintiffs and Class Members were required to upload a photo of their Illinois Driver's License. (*Id*. at ¶ 21.) Facial geometry illegally collected from these photos was then used to biometrically analyze potential users' facial geometry to verify their gender and identity before granting them access to Defendant's services. (*Id.*) Defendant engaged third-party biometric vendors to facilitate this verification process unlawfully disclosing Plaintiffs' and other Class members' facial biometric data to third-party biometric vendors and data storage vendors without Plaintiffs' and Class members' consent. (*Id.* at ¶ 29.)

    **B.**    **The Proposed Class**

Plaintiffs bring this action on behalf of themselves and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiffs seek to represent a Class defined as follows:

> All individuals whose facial biometric identifiers or biometric information were collected, captured, stored, possessed, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period.

(Compl., ¶ 31.) As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

**III.**    <u>**ARGUMENT**</u>

    **A.**    **Standards for Class Certification**

To obtain class certification, it is not necessary for plaintiffs to establish that they will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the

merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movants must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)  The class is so numerous that joinder of all members is impracticable.
> (2)  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)  The representative parties will fairly and adequately protect the interest of the class.
> (4)  The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard*

FILED DATE: 8/11/2025 11:42 AM   2025CH08182

6

*RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiffs have not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B. The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement plaintiffs need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiffs allege that there are at least one hundred members of the Class. (Compl., ¶ 33.) Because definitive evidence of numerosity can only come from the records of Defendant and their agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the

FILED DATE: 8/11/2025 11:42 AM  2025CH08182

complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records. (Compl., ¶ 33.) Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, because each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C.      Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984). These common questions include: whether Defendant collects, captures, or otherwise obtains facial biometric identifiers or biometric information from Illinois residents; whether Defendant obtained valid written consent from the Class members before capturing, collecting, or otherwise obtaining their facial biometric identifiers or biometric information; whether Defendant disseminates or otherwise discloses the biometric information of Class members without their consent; whether Defendant had a publicly available policy regarding its use of biometrics that was compliant with BIPA; whether Defendant's conduct violates BIPA; whether Defendant's BIPA violations are willful or reckless; and whether Plaintiffs and the Class are entitled to damages and injunctive relief. (Compl., ¶ 35.)

FILED DATE: 8/11/2025 11:42 AM   2025CH08182

FILED DATE: 8/11/2025 11:42 AM   2025CH08182

Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiffs have satisfied this hurdle to certification.

### D.    Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representatives' interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiffs have the exact same interest as the members of the proposed Class. Plaintiffs have alleged that, like the other members of the Class, their biometric information was obtained by Defendant. Plaintiffs have also alleged that Defendant did so in violation of BIPA. Plaintiffs' pursuit of this matter against Defendant demonstrates that they will be zealous advocates for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and has been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representatives and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

FILED DATE: 8/11/2025 11:42 AM 2025CH08182

### E. Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations, which can involve significant injury to those affected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

10

FILED DATE: 8/11/2025 11:42 AM 2025CH08182

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometric information are sufficiently protected, and to compensate those individuals who have had their statutorily protected biometric privacy rights violated. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.  **CONCLUSION**

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiffs respectfully request that the Court enter an Order certifying the proposed Class, appointing Plaintiffs as Class Representatives, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: August 11, 2025

Respectfully submitted,

SMONE HONEYCUTT, JERESA WHITE,
and SHANTEL SAGO, individually
and on behalf of similarly situated
individuals,

By:      /s/ *Jordan R. Frysinger*
         *One of Plaintiffs' Attorneys*

Eugene Y. Turin
Jordan R. Frysinger
MCGUIRE LAW, P.C. (Firm ID 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com
*Attorneys for Plaintiffs and the Putative Class*

11

**FILED DATE: 8/11/2025 11:42 AM  2025CH08182**

## CERTIFICATE OF FILING

I hereby certify that on August 11, 2025, I caused the foregoing *Plaintiffs' Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* to be electronically filed with the Clerk of Court using the Cook County E-filing system.

/s/ *Jordan R. Frysinger*

FILED
8/11/2025 12:06 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08182
Calendar, 9
33955816

FILED DATE: 8/11/2025 12:06 PM   2025CH08182

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |

**Summons - Alias Summons**                                     **(12/01/20) CCG 0001 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

SMONE HONEYCUTT et al., on behalf of a
class,

_____
                                             Plaintiff(s)

                    v.

TEA DATING ADVICE, INC., a Delaware
corporation

_____
                                             Defendant(s)

Case No.   2025-CH-08182
_____

TEA DATING ADVICE INC.
c/o LEGALINC CORPORATE SERVICES INC.
131 CONTINENTAL DRIVE, SUITE 305
NEWARK, DE 19713

_____
          Address of Defendant(s)

Please serve as follows (check one):   ○ Certified Mail   ○ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE**. You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons** (12/01/20) CCG 0001 B

FILED DATE: 8/11/2025 12:06 PM  2025CH08182

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver.  For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone.  The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE:  Your appearance date is NOT a court date.  It is the date that you have to file your completed appearance by.  You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer:  (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so endorsed.  This summons may not be served later than thirty (30) days after its date.

- Atty. No.: 56618
  Pro Se 99500

Name: McGuire Law, P.C.

Atty. for (if applicable):

Plaintiff

Address: 55 West Wacker Drive, 9th Floor

City: Chicago

State: IL    Zip: 60601

Telephone: (312)-893-7002

Primary Email: jfrysinger@mcgpc.com

Witness date _____

8/11/2025 12:06 PM Mariyana T. Spyropoulos

IRIS Y. MARTINEZ, Clerk of Court

Service by Certified Mail: _____

Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 8/11/2025 12:06 PM   2025CH08182

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:  (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:  (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED
8/12/2025 12:05 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08182
Calendar, 9
33976175

FILED DATE: 8/12/2025 12:05 PM   2025CH08182

r        d   r       d                                            12/01/20

COUNTY            M        CH

SMONE HONEYCUTT, JERESA WHITE, et al.,

Plaintiff

v.

TEA DATING ADVICE, INC,

Defendant

Case No.  2025 CH 08182

Claimed $: _____

Return Date: _____  Time: _____

Court Date: _____  Room No.: _____

Address of Court District for Filing

M

- [✔] General Appearance
- [ ] Jury Demand

- [✔] 0900 - Fee Paid
- [ ] 0908 - Trial Lawyers Appearance - No Fee
- [ ] 1900 - Appearance and Jury Demand/Fee Paid
- [ ] 1904 - Appearance and Jury Demand/No Fee Paid

- [ ] 0904 - Fee Waived

- [ ] Twelve-person Jury
- [ ] Six-person Jury

The undersigned enters the appearance of:  ○ Plaintiff  ◉ Defendant

Litigant's Name: Tea Dating Advice, Inc.

Signature: /s/  Bonnie Keane DelGobbo

- [✔] Initial Counsel of Record
- [ ] Pro Se (Self-represented)
- [ ] 2810 Rule 707 Out-of-State Counsel (pro hac vice)

- [ ] Additional Appearance
- [ ] Substitute Appearance

◉ Atty. No.: 6309394     ○ Pro Se 99500

Name: Bonnie Keane DelGobbo

Atty. for (if applicable):

Defendant, Tea Dating Advice, Inc.

Address: Baker & Hostetler, LLP, One N. Wacker Dr., S-3700

City: Chicago

State: IL  Zip: 60606  Phone: 312-416-8185

Primary Email: bdelgobbo@bakerlaw.com

M

*Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attornies) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)*

Pro Se Only:
- [ ] I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

r   d    d   r r       r

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/ Bonnie Keane DelGobbo

Attorney for  ○ Plaintiff  ◉ Defendant

**Iris Y. Martinez**     r        r      r

r      r  r

Page 1 of 1

Date: 8/26/2025

CIRCUIT COURT OF COOK COUNTY
CHANCERY DIV.,  RM. 802 DALEY CENTER.
 CHICAGO IL-60602

Tea Dating Advice, Inc.


 -

DelGobboBonnie LuAnn Keane
bdelgobbo@bakerlaw.com

CASE: 2025CH08182 / CALENDAR: 09

Honeycutt, Smone  -vs- Tea Dating Advice, Inc.,

YOUR COURT DATE IS ON Monday  October  06  2025 AT 09:30 AM
** PLEASE DO NOT COME DOWN TO THE COURTHOUSE **
IN ORDER TO APPEAR BY TELEPHONE OR VIDEO FOR YOUR
 USE THE FOLLOWING ZOOM INFORMATION:

ZOOM ACCESS CODE: 956 5899 1093  PASSWORD: 129359

INSTRUCTIONS FOR ACCESSING ZOOM BY VIDEO ARE AVAILABLE AT
HTTP://WWW.COOKCOUNTYCOURT.ORG/ AND AT HTTPS://ZOOM.US/
TO ACCESS ZOOM BY PHONE, CALL 312-626-6799 THEN ENTER THE
THE ACCESS CODE AND PASSWORD LISTED ABOVE.

IF YOU HAVE ANY QUESTIONS PLEASE CONTACT THE COURT
EMAILING CCC.CHANCERYCALENDAR9@COOKCOUNTYIL.GOV
OR CALLING 312-603-5926

Date: 8/27/2025

CIRCUIT COURT OF COOK COUNTY
CHANCERY DIV.,  RM. 802 DALEY CENTER.
 CHICAGO IL-60602

Tea Dating Advice, Inc.


 -

KeaneBonnie LuAnn
bdelgobbo@bakerlaw.com

CASE: 2025CH08182 / CALENDAR: 09

Honeycutt, Smone  -vs- Tea Dating Advice, Inc.,

YOUR COURT DATE IS ON Monday  October  06  2025 AT 09:30 AM
** PLEASE DO NOT COME DOWN TO THE COURTHOUSE **
IN ORDER TO APPEAR BY TELEPHONE OR VIDEO FOR YOUR
 USE THE FOLLOWING ZOOM INFORMATION:

ZOOM ACCESS CODE: 956 5899 1093  PASSWORD: 129359

INSTRUCTIONS FOR ACCESSING ZOOM BY VIDEO ARE AVAILABLE AT
HTTP://WWW.COOKCOUNTYCOURT.ORG/ AND AT HTTPS://ZOOM.US/
TO ACCESS ZOOM BY PHONE, CALL 312-626-6799 THEN ENTER THE
THE ACCESS CODE AND PASSWORD LISTED ABOVE.

IF YOU HAVE ANY QUESTIONS PLEASE CONTACT THE COURT
EMAILING CCC.CHANCERYCALENDAR9@COOKCOUNTYIL.GOV
OR CALLING 312-603-5926

Date: 8/28/2025

CIRCUIT COURT OF COOK COUNTY
CHANCERY DIV.,  RM. 802 DALEY CENTER.
 CHICAGO IL-60602

Sago Shantel


 -
FrysingerJordan Ruvolo
jfrysinger@mcgpc.com

CASE: 2025CH08182 / CALENDAR: 09

Honeycutt, Smone  -vs- Tea Dating Advice, Inc.,

YOUR COURT DATE IS ON Monday  October  06  2025 AT 09:30 AM
** PLEASE DO NOT COME DOWN TO THE COURTHOUSE **
IN ORDER TO APPEAR BY TELEPHONE OR VIDEO FOR YOUR
 USE THE FOLLOWING ZOOM INFORMATION:

ZOOM ACCESS CODE: 956 5899 1093  PASSWORD: 129359

INSTRUCTIONS FOR ACCESSING ZOOM BY VIDEO ARE AVAILABLE AT
HTTP://WWW.COOKCOUNTYCOURT.ORG/ AND AT HTTPS://ZOOM.US/
TO ACCESS ZOOM BY PHONE, CALL 312-626-6799 THEN ENTER THE
THE ACCESS CODE AND PASSWORD LISTED ABOVE.

IF YOU HAVE ANY QUESTIONS PLEASE CONTACT THE COURT
EMAILING CCC.CHANCERYCALENDAR9@COOKCOUNTYIL.GOV
OR CALLING 312-603-5926

# EXHIBIT B

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2025MR000408
Filed Date: 8/7/2025 5:23 PM
Envelope: 33925989
Clerk: GA

# IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

|  |  |  |
|---|---|---|
| ERIC DIAZ, MARK SULLIVAN, and CRAIG HATFIELD, individually and on behalf of similarly situated individuals, | ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | No.   **2025MR000408** |
| v. | ) ) | Hon. |
| TEA DATING ADVICE, INC, a Delaware corporation, | ) ) ) | |
| *Defendant*. | ) ) ) | |

## CLASS ACTION COMPLAINT

Plaintiffs Eric Diaz, Mark Sullivan, Craig Hatfield (collectively "Plaintiffs"), individually and on behalf of other similarly situated individuals, bring this Class Action Complaint against Defendant Tea Dating Advice, Inc. ("Defendant" or "Tea") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and the Illinois Right of Publicity Act, 765 ILCS 1075/1 *et seq.* ("IRPA"), and to obtain redress for all persons injured by Defendant's conduct. Plaintiffs allege as follows based on personal knowledge as to their own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by their attorneys.

## INTRODUCTION

1.     Plaintiffs seek to represent a class of individuals who had their unique facial biometrics unlawfully collected, retained and used without their consent or authorization by Defendant when they were posted on Defendant's mobile application (the "Tea App.") without their consent or permission.

Initial case management set for
 **11/25/2025**      at: **9:00**  a.m.

room 902

2.     Plaintiffs also seek to represent a class of individuals whose images were posted on Defendant's Tea App. without consent and had their name, images, and personally identifying information used to advertise Defendant's paid services.

3.     On behalf of themselves and the proposed Class defined below, Plaintiffs seek an injunction requiring Defendant to comply with BIPA and IRPA, as well as an award of statutory damages to the Class, together with costs and reasonable attorneys' fees.

## PARTIES

4.     At all relevant times, Plaintiff Eric Diaz has been a citizen of Illinois and a resident of Will County

5.     At all relevant times, Plaintiff Mark Sullivan has been a citizen of Illinois and resident of Peoria County.

6.     At all relevant times, Plaintiff Craig Hatfield has been a citizen of Illinois and resident of Cook County.

7.     Defendant Tea Dating Advice, Inc. is a Delaware corporation that conducts business throughout Illinois, including in Cook County, Illinois.

## JURISDICTION AND VENUE

8.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant conducts business within this state and because Plaintiffs' claims arise out of Defendant's unlawful in-state actions.

9.     Venue is proper in Will County, Illinois pursuant to 735 ILCS 5/2-101, because Defendant conducts business in Will County, Illinois, and thus resides there under § 2-102.

## THE BIOMETRIC INFORMATION PRIVACY ACT

10.     "Biometrics" refers to a "biology-based set[s] of measurements." *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017). Specifically, "biometrics" are "a set of measurements of a specified physical component (eye, finger, voice, hand, face)." *Id.* at 1296.

11.     BIPA was enacted in 2008 in order to safeguard individuals' biometrics as the result of the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA is codified as Act 14 in Chapter 740 of the Illinois Compiled Statutes.

12.     As set forth in BIPA, biologically unique identifiers, such as a person's unique facial geometry, cannot be changed. 740 ILCS 14/5(c). The inalterable nature of biologically unique identifiers presents a heightened risk when an individual's biometrics are not protected in a secure and transparent fashion. 740 ILCS 14/5(d)–(g).

13.     As a result of the need for enhanced protection of biometrics, BIPA imposes various requirements on private entities that collect or maintain individuals' biometrics, including facial scans.

14.     Among other things, BIPA seeks to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). BIPA thus applies to entities that interact with two forms of biometric data: biometric "identifiers" and biometric "information." 740 ILCS 14/15(a)-(e).

15.     BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints, voiceprints, palm scans and facial geometry. "Biometric identifiers" are physiological, as opposed to behavioral, characteristics. BIPA's text provides a non-exclusive list of protected "biometric identifiers," including "a retina or iris scan,

3

fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

16. "Biometric information" is defined by BIPA as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id*. This definition helps ensure that information based on a biometric identifier that can be used to identify a person is covered by BIPA. Collectively, biometric identifiers and biometric information are known as "biometrics."

17. In BIPA, the Illinois General Assembly identified five distinct activities that may subject private entities to liability:

  a. possessing biometrics without a proper policy publicly available, 740 ILCS 14/15(a);

  b. collecting, capturing, purchasing, receiving, or obtaining biometrics, 740 ILCS 14/15(b);

  c. selling, leasing, trading, or profiting from biometrics, 740 ILCS 14/15(c);

  d. disclosing or disseminating biometrics, 740 ILCS 14/15(d); and

  e. failing to secure biometric data using a reasonable standard of care, 740 ILCS 14/15(e).

18. As the Illinois Supreme Court has held, BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 33, 129 N.E.3d 1197, 1206 (Ill. 2019). The Illinois Supreme Court further held that when a private entity fails to comply with BIPA "that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach." *Id*.

## **THE ILLINOIS RIGHT OF PUBLICITY ACT**

19. Recognizing the right of an individual to control the use of their identity for a

4

commercial purpose, in 1999 the Illinois legislature passed the Illinois Right of Publicity Act. 765 ILCS 1075/10.

20.     IRPA defines identity as any attribute that identifies an individual to an ordinary and reasonable viewer. 765 ILCS 1075/5. This includes the individual's "name, signature, photograph, image, likeness, or voice." 765 ILCS 1075/5.

21.     IRPA defines a commercial purpose as: "the public use or holding out of an individual's identity on or in connection with the offering for sale or sale of a product, merchandise, goods, or services; for purposes of advertising or promoting products, merchandise, goods, or services; or for the purpose of fundraising. 765 ILCS 1075/5.

22.     IRPA forbids the use of a person's identity during their lifetime without "previous written consent." 765 ILCS 1075/30.

23.     IRPA provides a private right of action and statutory damages of the greater of $1,000 or actual damages for violations and punitive damages for willful violations. 765 ILCS 1075/20; 765 ILCS 1075/40.

24.     A person's identity made available as part of a free version or preview which is offered in connection with and serves as an advertisement for a paid service constitutes use of a person's identity for a commercial purpose under IRPA. *Lukis v. Whitepages Inc.*, 454 F. Supp. 3d 746, 760 (N.D. Ill. 2020).

**FACTUAL BACKGROUND**

A.     **Defendant's BIPA Violations.**

25.     Defendant is the owner and operator of the viral dating phone application, the Tea App. Defendant's Tea App. subscribers are comprised of women who are encouraged to post information and feedback about men they have dated, including posting photos of them.

5

26.     As part of its services, Defendant advertises its ability to use reverse image search technology to compare the photos of men provided by users through the Tea Apps with other photos previously found on the Tea App. or on the internet.[1] Such reverse image searching is accomplished by collecting and analyzing the facial geometry of men whose photos are provided by users through the Tea App. and biometrically comparing them with other photos provided by other users of the Tea App. and on the internet. Thus, each time a photo of man is posted by a user on the Tea App., Defendant collects, stores, possesses and analyzes the facial geometry of the person featured in the photo without their consent.

27.     Defendant claims to have 5.7 million registered users on its Tea App. including many of whom reside within the State of Illinois.[2] Therefore, thousands, if not tens of thousands, of men within the State of Illinois had their photos posted on the Tea App. by its users and thus had their biometrics collected and captured by Defendant without their consent.

28.     In or about July of 2025, Plaintiff Eric Diaz had his photo posted on the Tea App. and his facial geometry collected, analyzed, and biometrically compared to other photos without his consent.

29.     In or about July of 2025, Plaintiff Mark Sullivan had his photo posted on the Tea App. and his facial geometry collected, analyzed, and biometrically compared to other photos without his consent.

30.     In or about July of 2025, Plaintiff Craig Hatfield had his photo posted on the Tea App. and his facial geometry collected, analyzed, and biometrically compared to other photos without his consent.

31.     However, even though Defendant collected, captured, analyzed and stored

---

[1] https://www.teaforwomen.com/ (last accessed July 31, 2025).
[2] https://www.teaforwomen.com/about (last accessed July 31, 2025).

6

Plaintiffs' and Class members' facial biometrics, Defendant failed to obtain proper written consent as required by BIPA to collect such biometrics.

32.     In addition, at the time Defendant collected and came into possession of Plaintiffs' facial biometrics, Defendant failed to make publicly available any BIPA compliant written policy as to Defendant's retention and deletion practices regarding the biometrics in its possession.

33.     On information and belief, Defendant uses third-party biometric services in order to enable the biometrically-enable reverse image search on its Tea App. Thus, by using a third-party vendor to biometrically analyze Plaintiffs' facial biometrics, Defendant unlawfully disclosed Plaintiffs' and other Class members' facial biometric data to third-party biometric vendors and data storage vendors without Plaintiffs' and Class members' consent

34.     By failing to comply with BIPA, Defendant has violated Plaintiffs' substantive state rights to biometric privacy.

**B.     Defendant's IRPA Violations.**

35.     Furthermore, Defendant uses the photos of men posted on its Tea App by its users to advertise and promote its paid premium services without their consent.

36.     Specifically, users of the free version of the Tea App. are shown profiles and photos of men and encouraged to upgrade their services to Defendant's premium version in order to obtain additional information about the profiles users are seeing.

37.     Thus, Defendant publicly displays the names, photos, and profiles of all of the men within its database, including Plaintiffs, to users of the Tea App.[3] to advertise and promote

---

[3]https://www.tiktok.com/@theteapartygirls/video/7413961902533004590?embed_source=12137
4463%2C121468991%2C121439635%2C121749182%2C121433650%2C121404359%2C12149
7414%2C121477481%2C121351166%2C121772354%2C121487028%2C121679410%2C12133
1973%2C120811592%2C120810756%2C121819198%3Bnull%3Bembed_name&refer=embed

Defendant's premium services which includes reverse image searching, a background check tool, and criminal record and court document searches..[4]

38.    Defendant's paid services range from $9.99 to $19.99 monthly..[5]

39.    In or about July of 2025, Plaintiff Eric Diaz had his name and photo publicly displayed to free users of Defendant's Tea App. His name and photo were then used to advertise, promote, and entice free users to purchase Defendant's paid premium service in order to obtain more information about him and other men who were posted on the Tea App. Defendant never received permission or consent from Plaintiff Eric Diaz to use his name, image, and likeness to advertise or promote Defendant's service.

40.    In or about July of 2025, Plaintiff Mark Sullivan had his name and photo publicly displayed to free users of Defendant's Tea App. His name and photo were then used to advertise, promote, and entice free users to purchase Defendant's paid premium service in order to obtain more information about him and other men who were posted on the Tea App. Defendant never received permission or consent from Plaintiff Mark Sullivan to use his name, image, and likeness to advertise or promote Defendant's service.

41.    In or about July of 2025, Plaintiff Craig Hatfield had his name and photo publicly displayed to free users of Defendant's Tea App. His name and photo were then used to advertise, promote, and entice free users to purchase Defendant's paid premium service in order to obtain more information about him and other men who were posted on the Tea App. Defendant never received permission or consent from Plaintiff Craig Hatfield to use his name,

---

&referer_url=www.dazeddigital.com%2Flife-culture%2Farticle%2F68302%2F1%2Ftea-the-new-app-where-women-anonymously-review-men%3Futm_source%3Dflipboard&referer_video_id=7413961902533004590 (last accessed August 4, 2025).

[4] https://www.fastcompany.com/91374409/everything-to-know-about-tea-the-viral-and-controversial-app-that-lets-women-mark-men-as-red-flags

[5] https://apps.apple.com/us/app/tea-dating-advice/id6444453051 (last accessed August 1, 2025).

image, and likeness to advertise or promote Defendant's service

42.     Despite using Plaintiffs' and Class Members' names, photographs images, and likenesses for a commercial purpose to advertise and promote their paid premium service, Defendant never requested or received consent or permission from Plaintiffs or Class Members, nor did they receive compensation for the use of their identity for a commercial purpose.

## CLASS ALLEGATIONS

43.     Plaintiffs bring this action on behalf of themselves and a Class of similarly situated individuals pursuant to 735 ILCS § 5/2-801 defined as follows: All individuals whose facial biometric identifiers or biometric information were collected, captured, stored, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period.

44.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

45.     There are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class are currently unknown to Plaintiffs, the members can be easily identified through Defendant's records.

46.     Plaintiffs' claims are typical of the claims of the members of the Class they seek to represent, because the basis of Defendant's liabilities to Plaintiffs and the members of the Class are substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiffs and to the members of the Class.

47.     There are many questions of law and fact common to the claims of the Plaintiffs

and the members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the members of the Class include, but are not limited to, the following:

    a.    Whether Defendant collects, captures, or otherwise obtains facial biometric identifiers or biometric information from Illinois residents;

    b.    Whether Defendant obtained a written release from the Class members before capturing, collecting, or otherwise obtaining their facial biometric identifiers or biometric information;

    c.    Whether Defendant's conduct violates BIPA;

    d.    Whether Defendant's BIPA violations are willful or reckless;

    e.    Whether Defendant used Plaintiffs' and the other Class members' names, photographs, images, and likenesses to advertise or promote their paid service;

    f.    Whether Defendant used Plaintiffs' and the other Class members' identities for a commercial purpose:

    g.    Whether Defendant received consent to use Plaintiffs' and the other Class members' identities for a commercial purpose:

    h.    Whether Defendants' conduct violated IRPA and;

    i.    Whether Plaintiffs and the members of the Class are entitled to damages and injunctive relief:

48.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

49.    Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class they seek to represent. Plaintiffs have retained counsel with substantial

experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

50.     Defendant has acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.***
**(On behalf of Plaintiffs and the Class)**

51.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

52.     Defendant is a private entity under BIPA.

53.     BIPA requires a private entity, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information " 740 ILCS 14/15(b).

54.     Plaintiffs and the other Class members have had their "biometric identifiers," namely scans of their facial geometry, collected, captured, or otherwise obtained by Defendant

11

when Plaintiffs' and the other Class members' photos were posted on Defendant's Tea App.

55.     Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

> a.      Defendant failed make publicly available a written biometric retention and destruction schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics it stores, as required by 740 ILCS 14/15(a);

> b.      Defendant failed to inform Plaintiffs and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

> c.      Defendant failed to inform Plaintiffs and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

> d.      Defendant failed to inform Plaintiffs and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

> e.      Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3); and

> f.      Defendant failed to obtain informed consent to disclose or disseminate the Class's biometrics, as required by 740 ILCS 14/15(d)(1).

56.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

57.     Defendant's violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

58.     Accordingly, with respect to Count I, Plaintiffs, individually and on behalf of the proposed Class, prays for the relief set forth below.

## COUNT II
### Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq.*
### (On behalf of Plaintiffs and the Class)

59.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

60.     The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq.*

61.     By posting their profiles and photos as a means to entice its users to purchase Defendant's paid premium services on its Tea App, Plaintiffs and the other Class members have had their name, photograph, image or likeness used by Defendant for the purpose of promoting Defendant's paid premium service without their written consent.

62.     IRPA provides for statutory damages of the greater of $1,000 or actual damages for violations as well as punitive damages for willful violations. 765 ILCS 1075/40.

63.     Defendant's use of Plaintiffs' and the other Class members' photos, profiles, and identities in connection with Defendant's paid premium service is an essential aspect of their business model and constitutes a willful violation of IRPA, which has been in effect since 1999.

64.     Accordingly, with respect to Count II, Plaintiffs, individually and on behalf of the proposed Class, prays for the relief set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf the proposed Class, respectfully requests that this Court enter an Order:

> a.     Certifying the Class as defined above, appointing Plaintiffs as class representatives and the undersigned as class counsel;
>
> b.     Declaring that Defendant's actions, as set forth herein, violate BIPA;

13

c.    Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and The BIPA Class by requiring Defendant to comply with BIPA;

d.    Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e.    Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f.    Declaring that Defendant's actions, as set forth herein, violate IRPA;

g.    Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with the IRPA;

h.    Awarding statutory damages of $1,000 for each violation of IRPA and punitive damages for each willful violation pursuant to 765 ILCS 1075/40.

i.    Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3) and 765 ILCS 1075/55;

j.    Awarding pre- and post-judgment interest, as allowable by law; and

k.    Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

DATED: August 7, 2025

Respectfully submitted,

ERIC DIAZ, MARK SULLIVAN, and CRAIG HATFIELD, individually and on behalf of similarly situated individuals

By: /s/ *Jordan R. Frysinger*
One of Plaintiffs' Attorneys

Eugene Y. Turin (ARDC # 6317282)
Jordan R. Frysinger (ARDC # 6335897)
McGuire Law, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiffs and the Putative Class*

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2025MR000408
Filed Date: 8/13/2025 12:56 PM
Envelope: 33997569
Clerk: SLH

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

|  |  |  |
|---|---|---|
| ERIC DIAZ, MARK SULLIVAN, and CRAIG HATFIELD, individually and on behalf of similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 2025-MR-000408 |
| v. | ) ) | Hon. Judge Barrett |
| TEA DATING ADVICE, INC, a Delaware corporation | ) ) ) | |
| *Defendant.* | ) ) ) | |
| _____ | ) | |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiffs Eric Diaz, Mark Sullivan, and Craig Hatfield ("Plaintiffs"), by and through their undersigned counsel, pursuant to 735 ILCS 5/2-801, move for entry of an order certifying the Class proposed below, appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' attorneys as Class Counsel. Alternatively, Plaintiffs request, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011). In support of their Motion, Plaintiffs submit the following Memorandum of Law.

Dated: August 13, 2025

Respectfully submitted,

ERIC DIAZ, MARK SULLIVAN, and
CRAIG HATFIELD, individually
and on behalf of similarly situated
individuals,

By:     /s/ *Jordan R. Frysinger*
         *One of Plaintiffs' Attorneys*

Eugene Y. Turin
Jordan R. Frysinger
MCGUIRE LAW, P.C. (Firm ID 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiffs and the Putative Class*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR
A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY**

This Court should certify a class of individuals whose biometric information was collected, retained, disclosed and used without their consent or authorization and whose identities were used for a commercial purpose without consent or authorization by Defendant Tea Dating Advice, Inc. ("Defendant" or "Tea") in Illinois (the "Class").

Defendant is the owner and operator of the viral mobile phone dating application "Tea" (hereinafter the "Tea App.") which has garnered over 5.7 million users including thousands within Illinois. As part of its services, Defendant advertises its ability to use reverse image search technology to compare the photos of men provided by users through the Tea Apps with other photos previously found on the Tea App. or on the internet. Such reverse image searching is accomplished by collecting and analyzing the facial geometry of men whose photos are provided by users through the Tea App. and biometrically comparing them with other photos provided by other users of the Tea App. and on the internet. Additionally, Defendant uses the photos of men posted on its Tea App by its users to advertise and promote its paid premium services without their consent. Specifically, users of the free version of the Tea App. are shown profiles and photos of men and encouraged to upgrade their services to Defendant's premium version in order to obtain additional information about the profiles users are seeing and others.

## I.      INTRODUCTION:

### A.      BIPA

Recognizing the power of biometric information to identify people, and the evolving understanding of the ways in which biometric identifiers can be used, the Illinois Legislature enacted the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA") to provide

heightened biometric privacy rights. As a result of the need for enhanced protection of biometrics, BIPA imposes various requirements on private entities that collect or maintain individuals' biometrics, including those obtained through facial scans. Among other things, BIPA seeks to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). BIPA thus applies to entities that interact with two forms of biometric data: biometric "identifiers" and biometric "information." 740 ILCS 14/15(a)-(e). The Illinois General Assembly has identified five distinct activities that may subject private entities to liability:

    a.    possessing biometrics without a proper publicly available policy, 740 ILCS 14/15(a);

    b.    collecting, capturing, purchasing, receiving, or obtaining biometrics, 740 ILCS 14/15(b);

    c.    selling, leasing, trading, or profiting from biometrics, 740 ILCS 14/15(c);

    d.    disclosing or disseminating biometrics, 740 ILCS 14/15(d); and

    e.    failing to secure biometric data using a reasonable standard of care, 740 ILCS 14/15(e).

BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints, voiceprints, palm scans and facial geometry. "Biometric identifiers" are physiological, as opposed to behavioral, characteristics. BIPA's text provides a non-exclusive list of protected "biometric identifiers," including "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10. (Compl., ¶ 15.)

"Biometric information" is defined by BIPA as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10. This definition helps ensure that information based on a biometric

4

identifier that can be used to identify a person is covered by BIPA. Collectively, biometric identifiers and biometric information are known as "biometrics." (Compl., ¶ 16.)

### B.    IRPA

Recognizing the right of an individual to control the use of their identity for a commercial purpose, in 1999 the Illinois legislature passed the Illinois Right of Publicity Act. 765 ILCS 1075/1 *et seq.* ("IRPA"). IRPA among other things forbids the use of a person's identity for a commercial purpose without "previous written consent." 765 ILCS 1075/30. IRPA defines identity as any attribute that identifies an individual to an ordinary and reasonable viewer. 765 ILCS 1075/5. This includes the individual's "name, signature, photograph, image, likeness, or voice." *Id.* IRPA defines a commercial purpose as: "the public use or holding out of an individual's identity on or in connection with the offering for sale or sale of a product, merchandise, goods, or services; for purposes of advertising or promoting products, merchandise, goods, or services; or for the purpose of fundraising. *Id.*

## II.    **FACTUAL BACKGROUND**

### A.    **The Underlying Misconduct.**

As part of its services, Defendant advertises its ability to use reverse image search technology to compare the photos of men provided by users through the Tea Apps with other photos previously found on the Tea App. or on the internet. (Compl., ¶ 26.) Such reverse image searching is accomplished by collecting and analyzing the facial geometry of men whose photos are provided by users through the Tea App. (*Id.*) and biometrically comparing them with other photos provided by other users of the Tea App. (*Id.*) and on the internet. Thus, each time a photo of man is posted by a user on the Tea App., Defendant collects, stores, possesses and analyzes the facial geometry of the person featured in the photo without their consent. (*Id.*)

Additionally, as part of its business model, Defendant uses the photos of men posted on its Tea App by its users to advertise and promote its paid premium services without their consent. (Compl., ¶ 35.) Specifically, users of the free version of the Tea App. are shown profiles and photos of men and encouraged to upgrade their services to Defendant's premium version in order to obtain additional information about the profiles users are seeing and others. (*Id.* at ¶ 36.) Thus, Defendant publicly displays the names, photos, and profiles of all of the men within its database, including Plaintiffs, to users of the Tea App. to advertise and promote Defendant's premium services which includes reverse image searching, a background check tool, and criminal record and court document searches. (*Id.* at ¶ 37.)

**B.     The Proposed Class**

Plaintiffs bring this action on behalf of themselves and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiffs seek to represent a Class defined as follows:

> All individuals whose facial biometric identifiers or biometric information were collected, captured, stored, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period.

(Compl., ¶ 43.) As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

**III.   ARGUMENT**

**A.     Standards for Class Certification**

To obtain class certification, it is not necessary for plaintiffs to establish that they will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he

question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the

merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and

citation omitted)). As such, in determining whether to certify a proposed class, the Court should

accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378

Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movants must satisfy the "prerequisites for the

maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure,

which provides:

> An action may be maintained as a class action in any court of this State and a party
> may sue or be sued as a representative party of the class only if the court finds:
>
> (1)  The class is so numerous that joinder of all members is
>      impracticable.
> (2)  There are questions of fact or law common to the class, which
>      common questions predominate over any questions affecting only
>      individual members.
> (3)  The representative parties will fairly and adequately protect the
>      interest of the class.
> (4)  The class action is an appropriate method for the fair and efficient
>      adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the

Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal

decisions interpreting Rule 23 are persuasive authority with regard to questions of class

certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005).

Circuit courts have broad discretion in determining whether a proposed class meets the

requirement for class certification and ought to err in favor of maintaining class certification.

*Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring

further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have

found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiffs have not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B.      The Numerosity Requirement is Satisfied**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement plaintiffs need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiffs allege that there are at least one hundred members of the Class. (Compl., ¶ 45.) Because definitive evidence of numerosity can only come from the records of Defendant and their agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity

8

information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records. (Compl., ¶ 45.) Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, because each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C.     Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984). These common questions include: whether Defendant collects, captures, or otherwise obtains facial biometric identifiers or biometric information from Illinois residents; whether Defendant obtained a written release from the Class members before capturing, collecting, or otherwise obtaining their facial biometric identifiers or biometric information; whether Defendant's conduct violates BIPA; whether Defendant's BIPA violations are willful or reckless; whether Defendant used Plaintiffs' and the other Class members' names, photographs, images, and likenesses to advertise or promote their paid service; whether Defendant used Plaintiffs' and the other Class members' identities for a commercial purpose;

whether Defendant received consent to use Plaintiffs' and the other Class members' identities for a commercial purpose; whether Defendants' conduct violated IRPA and; whether Plaintiffs and the members of the Class are entitled to damages and injunctive relief: (Compl., ¶ 47.) Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiffs have satisfied this hurdle to certification.

### D. Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representatives' interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner,* 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiffs have the exact same interest as the members of the proposed Class. Plaintiffs have alleged that, like the other members of the Class, their biometric information was obtained and their identities used for a commercial purpose by Defendant. Plaintiffs have also alleged that Defendant did so in violation of BIPA and IRPA. Plaintiffs' pursuit of this matter against Defendant demonstrates that they will be zealous advocates for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and has been appointed as class counsel in several complex consumer class

actions. Accordingly, the proposed class representatives and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E.     Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations, which can involve significant injury to those affected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of

11

litigating their statutorily limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA and IRPA, to ensure that the Class members' publicity rights and privacy rights in their biometric information are sufficiently protected, and to compensate those individuals who have had their statutorily protected biometric privacy and publicity rights violated. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statutes. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.   **CONCLUSION**

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiffs respectfully request that the Court enter an Order certifying the proposed Class, appointing Plaintiffs as Class Representatives, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: August 13, 2025                        Respectfully submitted,

                                              ERIC DIAZ, MARK SULLIVAN, and
                                              CRAIG HATFIELD, individually
                                              and on behalf of similarly situated
                                              individuals,

                                              By:    /s/ *Jordan R. Frysinger*
                                                     *One of Plaintiffs' Attorneys*

Eugene Y. Turin
Jordan R. Frysinger
MCGUIRE LAW, P.C. (Firm ID 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601

Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com
*Attorneys for Plaintiffs and the Putative Class*

**CERTIFICATE OF FILING**

I hereby certify that on August 13, 2025, I caused the foregoing *Plaintiffs' Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* to be electronically filed with the Clerk of Court using the Will County E-filing system.

/s/ *Jordan R. Frysinger*

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|
| Will _____ COUNTY | | |

| Instructions ▼ | | |
|---|---|---|
| Enter above the county name where the case was filed. | ERIC DIAZ et al., on behalf of a class, _____ **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | |
| Enter the Case Number given by the Circuit Clerk. | TEA DATING ADVICE, INC. _____ **Defendant / Respondent** *(First, middle, last name)* | 2025MR000408 _____ **Case Number** |

| | |
|---|---|
| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent. | **1.** **Information about the lawsuit:** Amount claimed: +$ 50,000.00 _____ |
| In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.** **Contact information for the Plaintiff/Petitioner:** Name *(First, Middle, Last)*: McGuire Law, P.C. Street Address, Apt #: 55 W Wacker Dr., 9th Fl City, State, ZIP: Chicago, IL 60601 Telephone: (312) 893-7002 See attached for additional Plaintiff/Petitioner contact information |
| In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.** **Contact information for the Defendant/Respondent:** LEGALINC CORPORATE Name *(First, Middle, Last)*: TEA DATING ADVICE INC. c/o SERVICES INC. Street Address, Apt #: 131 CONTINENTAL DRIVE SUITE 305 City, State, ZIP: NEWARK, DE 19713 Telephone: (302) 894-8922 See attached for additional Defendant/Respondent contact information |

| **Important Information for the person receiving this form:** | You have been sued. Follow the instructions on the next page on how to appear/answer. <br>• If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking. <br>• Your written appearance/answer must be filed on time and in the proper form. <br>• Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp <br>If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.* <br>You should read all of the documents attached. |
|---|---|

Enter the Case Number given by the Circuit Clerk: 2025MR000408

| In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response. |
|---|

**4.   Instructions for person receiving this form (Defendant/Respondent):**

To respond to this *Summons* you must:

☐  Go to court:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____ Court Room: _____

City, State, ZIP: _____

☐  File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☑  File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address:   100 W. Jefferson St.

City, State, ZIP:   Joliet, IL, 60432

| **STOP!** The Circuit Clerk will fill in this section. |
|---|

**Witness this Date:**   8/11/2025 1:33 PM

**Clerk of the Court:**   *Andrea Lynn Chasteen*

| **STOP!** The officer or process server will fill in the Date of Service. |
|---|

**This *Summons* must be served within 30 days of its date, listed above.**

Date of Service: _____

*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*

| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent.  If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |
|---|---|

| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |
|---|---|

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|
| Will _____ COUNTY | | |

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | ERIC DIAZ et al., on behalf of a class, _____ **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | TEA DATING ADVICE, INC. _____ **Defendant / Respondent** *(First, middle, last name)* | 2025MR000408 _____ **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

| **DO NOT** complete this section. The sheriff will complete it. | My name is _____ and I swear under oath |
|---|---|

*First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:

*First, Middle, Last*

- ☐ Personally on the Defendant/Respondent:
  Male: ☐  Female: ☐  Approx. Age: _____ Hair Color: _____
  Height: _____ Weight: _____
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____

- ☐ At the Defendant/Respondent's home:
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____
  And left it with: _____
  *First, Middle, Last*
  Male: ☐  Female: ☐  Approx. Age: _____
  and by sending a copy to this defendant in a postage-paid, sealed envelope to the
  above address on _____ , 20 _____ .

- ☐ On the Corporation's agent, _____
  *First, Middle, Last*
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2025MR000408

| DO NOT complete this section. The sheriff, or private process server will complete it. |
| --- |

**By:**

_____

_Signature_

_____

_Print Name_

**FEES**

By certified/registered      $ _____

Service and Return           $ _____

Miles:  _____      $ _____

Total      $ _____

# Family Remote Court Instructions for Participants

Court in the Annex rooms 300, 301, 306, 307, 308, 312 and Room 313 in the main courthouse will be conducted via Zoom until further notice. Zoom is **FREE** and can be used with a computer, laptop, I-Pad, smart phone with a camera, or landline telephone. Instructions are below.

| **Meeting ID** | **Password** |
|---|---|
| The Zoom meeting ID number for each judge is listed below and will always remain the same: | Once you login, you will be asked for a password to join the meeting. |

**Meeting ID**

The Zoom meeting ID number for each judge is listed below and will always remain the same:

J. Archambeault (Rm 701) – 951 2005 0302
J. Dow (Rm 704) – 958 2123 0845
J. Ewanic  (Rm 705) - 955 6908 6067
J. Garcia (Rm 702) – 756 136 6153
J. Kennison (Rm 703)  - 972 3796 2180
J. Lund (Rm 602) – 860 206 7112
J. Nash (Rm 601) - 984 7035 0576

**You should login 10-15 minutes early** and wait in order to check-in with the Clerk before the judge starts the court call  (you may be in a waiting room until admitted).

**Password**

Once you login, you will be asked for a password to join the meeting.

The password for each judge is listed below and will always remain the same:

J. Archambeault  (Rm 701) – 313
J. Dow  (Rm 704) – 753923
J. Ewanic (Rm 705) - 011645
J. Garcia (Rm 702) – 30734
J. Kennison (Rm 703) - 578874
J. Lund (Rm 602) –301301
J. Nash (Rm 601) - 574662

**Procedure for attorneys or self-represented litigants using a computer with a camera & microphone:**

1. Create a Zoom account by going to Zoom.us and click "sign up, it's free" and follow the prompts from there.

2. Make sure your email address and phone numbers are current with the Circuit Clerk's office.

3.  Once Zoom opens, click "join a meeting" on the upper right.

4. Message box will appear asking for meeting ID number. Input the assigned judge's meeting ID.

5. Message box will appear. Click "open Zoom."

6. Message box will ask for the password. Input the assigned judge's password.

7. Screen should load, showing your face. Click "join with video."

8. Message box will appear, click "join with computer audio."

**Procedure for using Zoom on cell phone:**

1. Download the Zoom cloud meeting app on your cell phone.

2. Open the app and tap "Sign Up" (by following the prompts).

3. Tap "Join."

4. Input the meeting ID number or personal link name. Input assigned judge's meeting ID.

5. Message box will ask for the password. Input the assigned judge's password.

6. Tap 'Join with video."

7. Tap "call using internet audio."

8. Tap anywhere on the screen to make the header bars appear.

**Procedure for using Zoom on a landline or phone without Zoom app:**

1.Dial one of the below US dial-in numbers:

+1 312 626 6799
+1 929 436 2866
+1 301 715 8592
+1 669 900 6833
+1 253 215 8782
+1 346 248 7799

2. When prompted, input the assigned judge's meeting ID as listed above, followed by the pound key (#).

3. When prompted, input the assigned judge's password as listed above, followed by the pound key (#).

Rev. 11/20

**The Judge shall mute participants until their case is called.**

**Failure to appear whether through the Zoom call or in person, may result in a default being entered against you.**

# Remote Court Instructions for Participants

Court in the Annex rooms A117, A129, A201, A227, A236, Rms 803, 1001 & 1002 in the main courthouse and Rm 2 in the River Valley Justice Center will be conducted via Zoom until further notice. Zoom is free and can be used with a laptop, smart phone with a camera, landline, or other telephone. Instructions are below.

## Meeting ID

The Zoom meeting ID number for each judge is listed below and will always remain the same. You may login early and wait for the judge to log in to start the meeting (you may be in a waiting room until admitted).

J. Anderson (Rm A236) – 930 2919 0133
J. Jarz (Rm 803 ) – 919 7619 1672
J. O'Leary (Rm A227) - 556 881 0712
J. Osterberger(Rm 1002)– 954 9877 7674
J. Petrungaro (Rm A117) – 992 7448 0487
J. Rickmon (Rm A201) – 959 2357 1680
J. Rossi (Rm A129) - 912 2466 3711
J. Allen(Rm 1001)- 719 811 8159
J. Pavich (Rm 002) - 963 988 4732

## Password

Once you login, you will be asked for a password to join the meeting.

The password for each judge is listed below and will always remain the same:

J. Anderson (Rm A236) – 236236
J. Jarz (Rm 803 ) – 311311
J. O'Leary (Rm A227) - 227227
J. Osterberger(Rm 1002)– 111111
J. Petrungaro (Rm A117) - 117117
J. Rickmon (Rm A201) – 201201
J. Rossi (Rm A129) - 129129
J. Allen(Rm 1001)- 002002
J. Pavich (Rm 002) - 002002

## Procedure for attorneys or self-represented litigants using a computer with a camera & microphone:

1. Create a Zoom account by going to Zoom.us and click "sign up, it's free" and follow the prompts from there.

2. Make sure your email address and phone numbers are current with the Circuit Clerk's office.

3. Once Zoom opens, click "join a meeting" on the upper right.

4. Message box will appear asking for meeting ID number. Input the assigned judge's meeting ID.

5. Message box will appear. Click "open Zoom."

6. Message box may ask for the password. Input the assigned judge's password.

7. Screen should load, showing your face. Click "join with video."

8. Message box will appear, click "join with computer audio."

## Procedure for using Zoom on cell phone:

1. Download the Zoom cloud meeting app on your cell phone.

2. Open the app and tap "Sign Up" (by following the prompts).

3. Tap "Join."

4. Input the meeting ID number or personal link name. Input assigned judge's meeting ID.

5. Message box may ask for the password. Input the assigned judge's password.

6. Tap 'Join with video."

7. Tap "call using internet audio."

8. Tap anywhere on the screen to make the header bars appear.

## Procedure for using Zoom on a landline or phone without Zoom app:

1.Dial one of the below US dial-in numbers:

| United States of America | +1 312 626 6799 |
| | +1 929 436 2866 |
| | +1 301 715 8592 |
| | +1 669 900 6833 |
| | +1 253 215 8782 |
| | +1 346 248 7799 |

2.

2. When prompted, input the assigned judge's meeting ID as listed above, followed by the pound key (#).

3. When prompted, input the assigned judge's password as listed above, followed by the pound key (#).

**The Judge may mute participants until their case is called.**

**Failure to appear whether through the Zoom call or in person, may result in a default being entered against you.**

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2025MR000408
Filed Date: 9/2/2025 2:04 PM
Envelope: 3426114
Clerk: GA

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

Eric  Diaz, Mark Sullivan and Craig Hatfield

**Plaintiff /Petitioner**

**vs**

Tea Dating Advice, Inc.

CASE NO: 2025MR000408

**Defendant/Respondent**

# APPEARANCE BY ATTORNEY

I, Bonnie Keane DelGobbo , an attorney, enter my appearance in this case on behalf of:

First                    Middle                    Last

Tea Dating Advice, Inc.

Name

❏ Plaintiff/Petitioner

☑ Defendant/Respondent

❏ Other _____

as:

❏ Additional Counsel               ☑ Regular Counsel

❏ Court Appointed Counsel          ❏ Substitute Counsel

❏ Guardian Ad Litem                ❏ _____

By using this form, I agree to receive court documents at this email address.

bdelgobbo@bakerlaw.com

Email

/s/ Bonnie Keane DelGobbo

Attorney Signature

Bonnie Keane DelGobbo

Attorney Name

Baker & Hostetler LLP

Law Firm

6309394

ARDC #

One N. Wacker Drive, Suite 3700

Street Address

Chicago, Illinois 60606

City, State, Zip

(312) 416-8185

Telephone #

(312) 416-6201

Fax #

**ANDREA LYNN CHASTEEN, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

| ❏ Original– Court | ❏ Copy – Plaintiff | ❏ Copy – Defendant | **17 B** Revised (04/18) |

# EXHIBIT C

FILED
8/20/2025 2:38 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08668
Calendar, 4
34100627

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| RODNEKA PERRY, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. **2025CH08668** |
| TEA DATING ADVICE, INC. | ) ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) |

### CLASS ACTION COMPLAINT

Plaintiff Rodneka Perry ("Perry" or "Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), by and through her attorneys, brings this Class Action Complaint ("Complaint") pursuant to the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 2-802, against Tea Dating Advice, Inc. ("Defendant" or "Tea"), to redress and curtail Defendant's unlawful collection, obtainment, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric identifiers and biometric information (collectively referred to herein as "biometric data"). Plaintiff alleges as follows upon personal knowledge as to herself, her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.     Defendant owns and operates a female-only mobile phone dating application, "Tea" (hereinafter the "Tea App"), which Defendant claims makes dating "safe, informed, and empowering."[1]

---

[1] https://www.teaforwomen.com/about (last visited Aug. 15, 2025).

2.      Plaintiff seeks to represent a class of individuals who had their biometric data unlawfully collected, retained, disclosed and used without their consent or authorization by Defendant when they completed the identity verification process as part of creating an account on Defendant's Tea App.

3.      Specifically, to create an account for Defendant's Tea App, female users are required to submit a photograph of their face and a photo identification card, from which Defendant collects scans of the user's facial geometry to verify the user's identity and gender.

4.      Defendant uses artificial intelligence program(s) through third-party vendor(s) for its identity and gender verification process.

5.      Once a Tea App user's identity and gender are verified, users may post (either anonymously or not) information and pictures about dating experiences with other male or female partners.

6.      The information obtained by Defendant, including but not limited to Plaintiff's and other users' biometric identifiers and/or biometric information, is stored in Defendant's database.

7.      Defendant also unlawfully discloses Plaintiff's and other Tea App users' biometric data to its third-party vendor(s).

8.      The unlawful collection and disclosure of Plaintiff's and other Tea App users' biometric data poses a significant risk of identity theft for the Plaintiff and Class members similarly situated.

9.      In fact, Defendant's Tea App was recently the subject of a wide-scale data breach wherein thousands of Tea App users' profiles were exposed, including their biometric data. The data breach leaked "72,000 images, including approximately 13,000 selfies and photo

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

FILED DATE: 8/20/2025 2:38 PM    2025CH08668

identification submitted by users during account verification and approximately 59,000 images publicly viewable in the app from posts, comments and direct messages."[2]

10.    Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.* in 2008, specifically to regulate companies that collect, obtain, store, use and/or disseminate Illinois citizens' biometrics, such as facial geometry scans.

11.    Notwithstanding the clear and unequivocal requirements of the law, Defendant disregarded Plaintiff's and other similarly situated Tea App users' statutorily protected privacy rights by unlawfully collecting, obtaining, storing, disseminating, and using their biometric identifiers and/or biometric information in violation of BIPA. Specifically, the Defendant violated BIPA because it did not and continues not to:

a.    Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their biometric identifiers and/or biometric information were being collected, stored, and used, as required by BIPA;

b.    Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated workers' biometric identifiers and/or biometric information, as required by BIPA;

c.    Obtain a written release from Plaintiff and others similarly situated to collect, store, disseminate, or otherwise use their biometric identifiers and/or biometric information, as required by BIPA; and

d.    Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their biometric identifiers and/or biometric information to third parties, as required by BIPA.

12.    Defendant also improperly discloses Plaintiff's and other similarly situated Tea App users' biometric identifiers and/or biometric information to a third-party vendor that uses an

---

[2]https://web.archive.org/web/20250726215626/https://www.teaforwomen.com/cyberincident?fbclid=PAZ Xh0bgNhZW0CMTEAAacvNl0gW1jrGNwyBdg7sen81IiEboBOMone2sUFRfREnJ53Jf7sTbC4LxvGV g_aem_mGuvOBI29mcD4Q-PCGQJHQ (last visited August 19, 2025).

FILED DATE: 8/20/2025 2:38 PM    2025CH08668

Artificial Intelligence ("AI") program during the registration and identity authorization process required to enroll in and access Defendant's Tea App.

13.     Accordingly, Plaintiff, on behalf of herself as well as the putative Class Members, seeks an Order: (1) declaring that Defendant's conduct violates BIPA; (2) requiring Defendant to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the proposed Class.

## PARTIES

14.     Plaintiff Rodneka Perry is a natural person and at all times relevant was a resident of the State of Illinois.

15.     Defendant Tea Dating Advice, Inc. is a Delaware corporation that conducts business throughout Illinois, including in Cook County.

## JURISDICTION AND VENUE

16.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2 -209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant conducts business within this state and because the Plaintiffs' claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this state.

17.     Venue is proper in Cook County, Illinois pursuant to 735 ILCS 5/2-101, because Defendant conducts business in Cook County, Illinois, and thus resides there under § 2-102, and because the biometric transactions out of which this cause of action arises occurred in Cook County, Illinois.

FILED DATE: 8/20/2025 2:38 PM    2025CH08668

## FACTUAL BACKGROUND

### I. The Biometric Information Privacy Act.

18. In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS § 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. *See* 740 ILCS § 14/5.

19. In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly, there was a serious risk that millions of fingerprint records—which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

20. Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

21. Additionally, to ensure compliance, BIPA provides that, for each violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent

FILED DATE: 8/20/2025 2:38 PM    2025CH08668

violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS § 14/20.

22.     BIPA is an informed consent statute, which achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

    a.     Informs the subject in writing that a biometric identifier or biometric information is being collected, otherwise obtained, stored and used;

    b.     Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, otherwise obtained, stored, and used; and

    c.     Receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS § 14/15(b).

23.     Biometric identifiers include retina and iris scans, fingerprints, voiceprints, hand scans, and—most importantly here—scans of facial geometry. *See* 740 ILCS § 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

24.     BIPA establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.,* 740 ILCS § 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for such disclosure. *See* 740 ILCS § 14/15(d)(1).

25.     BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS § 14/15(c)) and requires companies to

develop and comply with a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS § 14/15(a).

26.     The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and—most significantly—the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at a heightened risk for identity theft and left without any recourse.

27.     BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for which their biometrics are used and how they are being stored and ultimately destroyed. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

28.     Plaintiff, like the Illinois legislature, recognizes how imperative it is to keep biometric identifiers and biometric information secure. Biometric information, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

## II.     Defendant Violates the Biometric Information Privacy Act.

29.     By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented with using individuals' biometric data stopped doing so.

7

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

30. However, Defendant has failed to take note of Illinois law governing the collection, obtainment, use, storage, and dissemination of biometric data. As a result, Defendant continues to collect, obtain, store, use and disseminate Illinois Tea App users' biometric data in violation of BIPA.

31. In order to verify the gender and identity of potential users of the Tea App, Defendant collects, stores, and analyzes potential users' facial geometry. Specifically, the Tea App requires users to upload a "selfie" picture of their face as well as a photo identification card. Defendant then scans users' biometric identifiers—namely, scans of their facial geometry—to analyze and verify their gender and identity before allowing them to create an account and access the Tea App.

32. Each time users were required to upload a "selfie" or picture of a photo identification card to verify identity and gender, Defendant collected, captured, obtained, used, and stored their biometric identifiers and biometric information, in the form of scans of facial geometry.

33. However, prior to collecting, capturing, possessing and storing Tea App users' biometric data, Defendant fails to obtain proper written informed consent as required by BIPA to collect such biometrics.

34. In addition, prior to collecting, capturing, possessing and storing Tea App users' biometric data, Defendant fails to publish a written, publicly available policy identifying retention schedules and guidelines for permanently destroying Tea App users' biometric data when the initial purpose for collecting or obtaining it is no longer relevant, as required by BIPA.

35. The Pay by Touch bankruptcy that catalyzed the passage of BIPA, as well as the recent data breach, highlights why such conduct—where individuals are aware that they are

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

providing a face scan, but not aware of to whom or for what purposes they are doing so—is dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers, such as a face scan, who exactly is collecting their biometric data, where it will be transmitted, for what purposes, and for how long. Defendant disregarded these obligations and user's statutory rights and instead unlawfully collects, obtains, stores, uses and discloses Tea App users' biometric identifiers and information, without first receiving the individual's informed written consent, as required by BIPA.

36.     By and through the actions detailed above, Defendant's disregard Plaintiff's and other similarly situated Tea App users' legal rights in violation of BIPA.

### III.   Plaintiff Rodneka Perry's Experience

37.     Plaintiff, like many women, was interested in the Tea App's mission to make online dating safer.

38.     In approximately July 2025, Plaintiff downloaded the Tea App and created an account.

39.     During the account creation and registration process, Plaintiff was required to upload a "selfie" picture of her face and her Illinois Driver's License.

40.     Defendant used facial geometry scans captured from Plaintiff's "selfie" to compare the facial geometry scans captured from Plaintiff's Illinois Driver's License and used a third-party AI program to confirm her identity and gender.

41.     Defendant subsequently stored Plaintiff's biometric identifiers and biometric information (*i.e.*, scans of facial geometry) on its database.

42. Before first collecting Plaintiff's biometric data, Defendant failed to inform her in writing or otherwise of the purposes and length of time for which her biometric identifiers and biometric information were being collected or obtained.

43. Defendant did not receive a written release from Plaintiff to collect, obtain, store, use, or disclose her biometric identifiers and biometric information.

44. Before first collecting Plaintiff's biometric data, Defendant failed to publish any publicly available retention schedules and guidelines for permanently destroying Plaintiff's biometric data.

45. A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

46. As the Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, he seeks statutory damages under BIPA as compensation for the injuries caused by Defendant. *Rosenbach*, 2019 IL 123186, ¶ 40.

## CLASS ALLEGATIONS

47. Pursuant to the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, Plaintiff brings claims on her own behalf and as a representative of all other similarly situated individuals pursuant to BIPA, 740 ILCS § 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

48. As discussed *supra*, Section 14/15(b) of BIPA prohibits a private entity from, among other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it ***first***

10

FILED DATE: 8/20/2025 2:38 PM    2025CH08668

(1) informs the individual in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the individual in writing of the specific purpose(s) and length of time for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS § 14/15.

49.     Plaintiff seeks class certification under the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, for the following class of similarly situated individuals under BIPA:

> All individuals in the State of Illinois who had their biometric identifiers and/or biometric information collected, captured, received, obtained, maintained, stored or disclosed by Defendant during the applicable statutory period.

50.     This action is properly maintained as a class action under 735 ILCS § 5/2-801 because:

A.     The class is so numerous that joinder of all members is impracticable;

B.     There are questions of law or fact that are common to the class;

C.     Plaintiff's claims are typical of the claims of the class; and,

D.     Plaintiff will fairly and adequately protect the interests of the class.

## Numerosity

51.     There are thousands of members of the Class, making the Class so numerous that joinder of all members is impracticable. The exact number of class members can easily be determined from Defendant's records.

## Commonality

52.     There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been harmed by Defendant's failure to comply with BIPA. The common questions of law and fact include, but are not limited to the following:

11

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

FILED DATE: 8/20/2025 2:38 PM    2025CH08668

A.     Whether Defendant collected, captured, maintained, stored or otherwise obtained Plaintiff's and the Class Members' biometric identifiers or biometric information;

B.     Whether Defendant properly informed Plaintiff and the Class Members of the purposes for collecting, obtaining, using, storing and disseminating their biometric identifiers or biometric information;

C.     Whether Defendant properly obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, store and disseminate Plaintiff's and the Class Members' biometric identifiers or biometric information;

D.     Whether Defendant disclosed or redisclosed Plaintiff's and the Class members' biometric identifiers or biometric information;

E.     Whether Defendant developed a BIPA-compliant written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied, or within three years of their last interaction with the individual, whichever occurs first;

F.     Whether Defendant complied with any such written policy (if one exists);

G.     Whether Defendant's violations of BIPA have raised a material risk that Plaintiff's and the putative Class Members' biometric identifiers and biometric information will be unlawfully accessed by third parties;

H.     Whether Defendant used Plaintiff's and the Class Members' face geometry scans to identify them;

I.     Whether the violations of BIPA were committed negligently; and

J.     Whether the violations of BIPA were committed intentionally or recklessly.

53.     Plaintiff anticipates that Defendant will raise defenses that are common to the class.

## **Adequacy**

54.     Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

**Typicality**

55. The claims asserted by Plaintiff are typical of the class members she seeks to represent. Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

56. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to 735 ILCS § 5/2-801.

**Predominance and Superiority**

57. The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

58. Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent

FILED DATE: 8/20/2025 2:38 PM    2025CH08668

and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## FIRST CAUSE OF ACTION
### Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly Available Retention Schedule

59.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

60.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention—and, importantly, deletion—policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

61.     Defendant failed to comply with these BIPA mandates.

62.     Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

63.     Plaintiff and the Class Members are individuals who have had their "biometric identifiers" collected or otherwise obtained by Defendant (in the form of their facial geometry scans), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

64.     Plaintiff's and the Class Members' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

65.     Defendant failed to publish a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

66.     Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and Class Members' biometric data, leaving them with no indication as to whether or when Defendant will destroy their biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

67.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class Members by requiring Defendant to comply with BIPA's requirements for the collection, obtainment, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## SECOND CAUSE OF ACTION
### Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information

68.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

69.     BIPA requires companies to obtain informed written consent from individuals when acquiring their biometric identifiers and biometric information. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;

15

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

*and* (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS § 14/15(b) (emphasis added).

70. Defendant fails to comply with these BIPA mandates.

71. Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

72. Plaintiff and the Class Members are individuals who have had their "biometric identifiers" collected or otherwise obtained by Defendant (in the form of their facial geometry scans), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

73. Plaintiff's and the Class Members' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

74. Defendant systematically and automatically collected, obtained, used, stored and disseminated Plaintiff's and Class Members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

75. Defendant did not properly inform Plaintiff and Class Members in writing that their biometric identifiers and/or biometric information were being collected, otherwise obtained, stored, used and disseminated, nor did Defendant properly inform Plaintiff and Class Members in writing of the specific purposes and length of term for which their biometric identifiers and/or biometric information were being collected, obtained, stored, used, and disseminated by Defendant, as required by 740 ILCS § 14/15(b)(1)-(2).

76. By collecting, obtaining, storing, and using Plaintiff's and Class Members' biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class Members' rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq*.

FILED DATE: 8/20/2025 2:38 PM    2025CH08668

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

77. On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and Class Members by requiring Defendant to comply with BIPA's requirements for the collection, obtainment, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

### THIRD CAUSE OF ACTION
**Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information Before Obtaining Consent**

78. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

79. BIPA prohibits private entities from disclosing a person's or customer's biometric identifiers or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS § 14/15(d)(1).

80. Defendant fails to comply with this BIPA mandate.

81. Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

82. Plaintiff and the Class Members are individuals who have had their "biometric identifiers" collected or otherwise obtained by Defendant (in the form of their facial geometry scans), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

83. Plaintiff's and Class Members' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

17

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

84.     Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and Class Members' biometric identifiers and/or biometric information to third-party vendors without first obtaining the consent required by 740 ILCS § 14/15(d)(1).

85.     By disclosing, redisclosing, or otherwise disseminating Plaintiff's and Class Members' biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class Members' rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq.*

86.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, obtainment, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiff Rodneka Perry respectfully requests that this Court enter an Order:

A.     Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Rodneka Perry as Class Representative, and appointing Stephan Zouras, LLC as Class Counsel;

B.     Declaring that Defendant's actions, as set forth above, violate BIPA;

C.     Awarding statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1);

D.     Declaring that Defendant's actions, as set forth above, were intentional and/or reckless;

18

E.  Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class Members, including an Order requiring Defendant to comply with BIPA when collecting, obtaining, storing, using, and disseminating biometric identifiers and/or biometric information;

F.  Awarding Plaintiff and the Class Members their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3);

G.  Awarding Plaintiff and the Class Members pre- and post-judgment interest, to the extent allowable; and

H.  Awarding such other and further relief as equity and justice may require.

Date:  August 20, 2025                    Respectfully Submitted,

                                          */s/Catherine Mitchell Duffy*

                                          Ryan F. Stephan
                                          James B. Zouras
                                          Catherine Mitchell Duffy
                                          **STEPHAN ZOURAS, LLC**
                                          222 W. Adams Street, Suite 2020
                                          Chicago, Illinois 60606
                                          312.233.1550
                                          312.233.1560 *f*
                                          rstephan@stephanzouras.com
                                          jzouras@stephanzouras.com
                                          cmitchell@stephanzouras.com
                                          Firm ID: 43734

                                          **ATTORNEYS FOR PLAINTIFF**

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

19

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

FILED
8/21/2025 2:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08668
Calendar, 4
34122459

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

RODNEKA PERRY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

TEA DATING ADVICE, INC.

Defendant.

Case No. 2025CH08668

CLASS ACTION

JURY TRIAL DEMANDED

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **THE COURT STAMPED DATE ABOVE** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Alison Conlon or any judge sitting in her stead, via Zoom conference, (Zoom Meeting ID: 974 5431 3798, Meeting Password: 501494, and present **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES.**

Respectfully Submitted,

*/s/ Catherine Mitchell Duffy*
Ryan F. Stephan
James B. Zouras
Catherine Mitchell Duffy
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com
Firm ID: 43734
**ATTORNEYS FOR PLAINTIFF**

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on August 21, 2025, I electronically filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Catherine Mitchell Duffy*

FILED
8/21/2025 2:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08668
Calendar, 4
34122459

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| RODNEKA PERRY, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2025CH08668 |
| TEA DATING ADVICE, INC. | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
## AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES

Plaintiff Rodneka Perry ("Perry" or "Plaintiff") alleges that Tea Dating Advice, Inc. ("Defendant" or "Tea") systematically violated the Illinois Biometric Information Privacy Act ("BIPA") 740 ILCS § 14/1, *et seq*. Consistent with the rulings of federal and state courts overseeing BIPA actions, this case is well suited for class certification under 735 ILCS § 5/2-801. *See Johns v. Paycor, Inc.*, No. 3:20-CV-264-DWD (S.D. Ill. Mar. 28, 2025); *Thornton v. Generations at Peoria, LLC et al,* No. 2021-CH-03481 (Cir. Ct. Cook Cty. Nov. 15, 2024)*; Palacios v. H&M Hennes & Mauritz, LP,* No. 18-CH-16030 (Cir. Ct. Cook Cty. Mar. 16, 2023); *Morris v. Wow Bao LLC, et al., Case No.* 17 CH 12029 (Cir. Ct. Cook Cty. Dec. 14, 2021); *Roberson v. Symphony Post Acute Care*, Case No. 17-L-733 (Cir. Ct. St. Clair County, Mar. 12, 2019) (granting class certification when the case involved a single statutory scheme – BIPA – and the primary issues were whether defendant captured biometric information and, if so, did they comply with BIPA while doing so), modified, in part, on other grounds by 2019 IL App (5th) 190144-U (Nov. 2, 2019); *Thompson v. Matcor Metal Fabrication (Illinois) Inc.*, Case No. 2020- CH-00132 (Tazewell Cty. Jun. 28, 2022); *Howe v. Speedway*, No. 1:19-CV-01376, 2024 WL 4346631 (N.D.

1

Ill. Sept. 29, 2024); *Svoboda v. Amazon.com, Inc.*, No. 21-C-5336, 2024 WL 1363718 (N.D. Ill. Mar. 30, 2024); *Tapia-Rendon v. United Tape & Finishing Co., Inc., et al.*, No. 21-C-3400 (N.D. Ill. Aug. 15, 2023); *Rogers v. BNSF Railway Co.*, Case No. 19-cv-3083, 2022 WL 854348 (N.D. Ill. Mar. 22, 2022); *Alvarado v. Int'l Laser Prods.*, Case No. 18-cv-7756, 2019 WL 3337995 (N.D. Ill. June 19, 2019); *see also In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 542 (N.D. Cal. 2018), *aff'd sub nom. Patel v. Facebook, Inc.*, 932 F.3d 1264, 1277 (9th Cir. Aug. 8, 2019) (holding, in a BIPA case, that "a class action is superior to individual actions").

Specifically, Plaintiff seeks to certify a class consisting of thousands of similarly situated people who had their biometric identifiers and biometric information (collectively referred to as "biometric data") unlawfully collected, retained, disclosed and used without their consent or authorization by Defendant when they completed the identity verification process as part of creating an account on Defendant's Tea App. As Plaintiff's claims and the claims of similarly situated individuals all arise from Defendant's uniform policies and practices, they satisfy the requirements of 735 ILCS § 5/2-801, and the proposed class should be certified.

Plaintiff moves for class certification to protect members of the proposed class: individuals whose proprietary and legally protected personal and private biometric data was invaded by Defendant. Plaintiff believes that the evidence and arguments submitted within this motion are sufficient to allow the class to be certified now. However, in the event the Court (or Defendant) wishes for the parties to undertake formal discovery prior to the Court's consideration of this motion, Plaintiff requests that the Court allow them to supplement this briefing and defer the response and reply deadlines.

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

# I. RELEVANT BACKGROUND

## A. __The Biometric Information Privacy Act__

Major national corporations started using Chicago and other locations in Illinois in the early 2000s to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS § 14/5(c). Given its relative infancy, an overwhelming portion of the public became wary of this then-growing, yet unregulated, technology. *See* 740 ILCS § 14/5.

BIPA was enacted in 2008, arising from concerns that these experimental uses of finger-scan technologies created a "very serious need of protections for the citizens of Illinois when it comes to biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. Under the Act, it is unlawful for a private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier[s] or biometric information," unless it first:

(1) Informs the subject in writing that a biometric identifier or biometric information is being collected, obtained or stored;

(2) Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, obtained, stored, and used; and

(3) Receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS § 14/15(b).

Although there may be benefits to using biometrics, there are also serious risks. Facial geometry scans are unique, permanent biometric identifiers associated with an individual, are biologically unique, and if compromised, the individual has no means by which to prevent identity theft, unauthorized tracking, or other unlawful or improper use of this information. Thus, the

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

3

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

unauthorized collection of biometric identifiers exposes individuals to serious and irreversible privacy risks. For example, if a biometric database is hacked, breached, or otherwise exposed, individuals have no means to prevent the misappropriation and theft of their proprietary biometric makeup.

A showing of actual damages is not necessary in order to state a claim under BIPA. When an entity "fails to adhere to the statutory procedures … the right of the individual to maintain [his or] her biometric privacy vanishes into thin air." *Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 34 (internal quotations omitted) (quoting *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 953 (N.D. Cal. 2018)); *see also Patel v. Facebook Inc.*, 932 F.3d 1264, 1275 (9th Cir. 2019) ("Because we conclude that BIPA protects the plaintiffs' concrete privacy interests and violations of the procedures in BIPA actually harm or pose a material risk of harm to those privacy interests … the plaintiff has alleged a concrete and particularized harm, sufficient to confer Article III standing.").  Recognizing the need to protect its citizens from harm like these, Illinois enacted BIPA specifically to regulate the collection, use, safeguarding, handling, storage, retention, dissemination and destruction of biometric data.

### B.   Factual Allegations

Plaintiff filed this class action against Defendant on August 20, 2025, to redress Defendant's alleged unlawful collection, use, storage, and disclosure of Tea App users' biometric data under BIPA. In her Complaint, Plaintiff provides detailed allegations that, during account registration, Defendant used artificial intelligence programming through third-party vendor(s) to collect, use, store, and disseminate her and other Tea App users' biometric data to verify their identity and gender. However, Defendant did so without <u>first</u>: (1) developing and adhering to a publicly available retention schedule or guidelines for permanent destruction of the biometric data,

as required by BIPA; (2) obtaining from Plaintiff and class members a written release for Defendant to collect, store, or use their biometric data, as required by BIPA; and (3) asking for consent before disclosing, redisclosing, or otherwise disseminating their biometric data to a third party, including but not necessarily limited to third-party vendors that host the data, as required by BIPA. *See* Compl. ¶¶ 18-22, 46, 49, 51, 57, 68-69, 74-76, 85-86.

Plaintiff created an account on Defendant's Tea App in July 2025. Before creating her account, Plaintiff did not receive any notice about Defendant's collection, use, storage, or disclosure of her biometric data. *Id.* at ¶ 31. Upon creating an account, Defendant required Plaintiff to upload a "selfie" and her Illinois Driver's License, from which Defendant collected scans of Plaintiff's facial geometry to verify her identity and gender. This account creation process is the same for all Tea App users.

Defendant failed to provide Plaintiff and other Tea App users with written disclosures about the collection, use, storage, or dissemination of their biometric data, nor did Defendant obtain informed written consent, before Plaintiff and other Tea App users created accounts. Defendant also failed to inform Tea App users, including Plaintiff, that it discloses or disclosed their biometric data to third-party vendor(s). Defendant failed to develop and adhere to written, publicly available policies identifying retention schedule(s) and guidelines for permanently destroying Tea App users' biometric data when the initial purpose for collecting or obtaining their biometric data is no longer relevant, as required by BIPA. *Id.* at ¶¶ 18, 48, 51, 64. Defendant also failed to secure a written release from Plaintiff and other Tea App users permitting Defendant to collect, obtain, store, use, and disseminate their biometric data, as required by BIPA prior to collecting their data. *Id.* at ¶¶ 19, 21, 46, 49.

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

Accordingly, Defendant's practices violate BIPA. As a result of Defendant's violations, Plaintiff and similarly situated Tea App users are subject to Defendant's common and uniform policies and practices and are victims of its scheme to unlawfully collect, obtain, store, use, disseminate from Plaintiff and all other similarly situated individual's biometric data in direct violation of BIPA. As a result of Defendant's multiple violations of BIPA, Plaintiff and all other similarly situated individuals suffered an invasion of privacy and other damages.

Plaintiff now seeks certification of a class of similarly situated individuals initially defined as:

> All individuals in the State of Illinois who had their biometric identifiers and/or biometric information collected, captured, received, obtained, maintained, stored or disclosed by Defendant during the applicable statutory period.

Compl. ¶ 49. Given Defendant's standard practices defined above, and the straightforward and common legal questions presented in this case, Plaintiff now moves for class certification. Notably, this motion is being filed shortly after the Complaint was filed and before Defendant has responded. The parties have not discussed settlement, neither settlement offers nor demands have been made, and a scheduling order has not been issued. For the reasons discussed herein, Plaintiff's request should be granted.

## II. STANDARD FOR CLASS CERTIFICATION

"The basic purpose of a class action is the efficiency and economy of litigation." *CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App (1st) 131465, ¶ 9 (citing *Miner v. Gillette Co.*, 87 Ill.2d 7, 14 (1981)). "In determining whether to certify a proposed class, the trial court accepts the allegations of the complaint as true and should err in favor of maintaining class certification." *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 9 (citing *Ramirez v. Midway Moving & Storage, Inc.*,

378 Ill. App. 3d 51, 53 (1st Dist. 2007)). Under Section 2-801 of the Code of Civil Procedure, a

class may be certified if the following four requirements are met:

>    (1)    the class is so numerous that a joinder of all members is impracticable;
>
>    (2)    there are questions of fact or law common to the class that predominate over
>           any questions affecting only individual members;
>
>    (3)    the representative parties will fairly and adequately protect the interest of
>           the class; and
>
>    (4)    the class action is an appropriate method for the fair and efficient
>           adjudication of the controversy.

*See Smith v. Illinois Cent. R.R. Co.*, 223 Ill.2d 441, 447 (2006) (citing 735 ILCS § 5/2-801).

Notably, "[a] trial court has broad discretion in determining whether a proposed class meets the

requirements for class certification." *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 9 (citing

*Ramirez*, 378 Ill. App. 3d at 53). Here, the allegations and facts in this case amply demonstrate

that the four certification factors are met.

## III.    ARGUMENT

Plaintiff's claims here are especially suited for class certification because Defendant treated

Plaintiff and putative class members identically for purposes of applying BIPA. All the putative

class members in this case were uniformly subjected to the same illegal and unlawful collection,

storage, use, and dissemination of their biometric data throughout the class period. Plaintiff meets

each of the statutory requirements for maintenance of this suit as a class action. Thus, the class

action device is ideally suited and is far superior to burdening the Court with many individual

lawsuits to address the same issues, undertake the same discovery, and rely on the same testimony.

### A.    <u>The Class is So Numerous that Joinder of All Members is Impracticable.</u>

Numerosity is not dependent on a plaintiff setting forth a precise number of class members

or a listing of their names. *See Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 771 (2d Dist. 2008)

FILED DATE: 8/21/2025 2:54 PM    2025CH08668

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

("Of course, plaintiffs need not demonstrate a precise figure for the class size, because a good-faith, non-speculative estimate will suffice; rather, plaintiffs need demonstrate only that the class is sufficiently numerous to make joinder of all of the members impracticable.") (internal citations omitted); *Hayna v. Arby's, Inc.*, 99 Ill. App. 3d 700, 710-11 (1st Dist. 1981) ("It is not necessary that the class representative name the specific individuals who are possibly members of the class."). Courts in Illinois generally find numerosity when the class is comprised of at least 40 members. *See Wood River Area Dev. Corp. v. Germania Fed. Sav. Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990).

In the present case, there can be no serious dispute that Plaintiff meets the numerosity requirement. The class of potential plaintiffs is sufficiently large to make joinder impracticable, as there are at least hundreds of Tea App users in Illinois. Plaintiff and all similarly situated individuals were subjected to Defendant's common and uniform policies and practices and were victims of Defendant's scheme to unlawfully collect, store, use, and disseminate from their extremely personal and private biometric data in direct violation of BIPA. As a result, Plaintiff and all other similarly situated individuals suffered an infringement of the rights afforded them under the law. *Rosenbach*, 2019 IL 123186, ¶ 38. The precise number in the class cannot be determined until discovery records are obtained from Defendant. Nevertheless, class membership will easily be determined by reviewing Defendant's records of Illinois Tea App users who created an account during the class period. *See*, *e.g.*, *Chultem v. Ticor Title Ins. Co.*, 401 Ill. App. 3d 226, 233 (1st Dist. 2010) (reversing the trial court's denial of class certification and holding that class was certifiable over defendant's objection that "the proposed class was not ascertainable, because the process of reviewing defendant's transaction files to determine class membership would be burdensome"); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 539-40 (6th Cir. 2012) (rejecting

FILED DATE: 8/21/2025 2:54 PM  2025CH08668

the argument that manual review of files should defeat certification, agreeing with district court's reasoning that, if manual review was a bar, "defendants against whom claims of wrongful conduct have been made could escape class-wide review due solely to the size of their businesses or the manner in which their business records were maintained," and citing numerous courts that are in agreement, including *Perez v. First Am. Title Ins. Co.*, 2009 WL 2486003, at *7 (D. Ariz. Aug. 12, 2009) ("Even if it takes a substantial amount of time to review files and determine who is eligible for the [denied] discount, that work can be done through discovery")).[1] Once Defendant's records are obtained, the Court will know the precise number of persons affected.

Absent certification of this class action, Tea App users may never know that their legal rights have been violated, and as a result, may never obtain the redress to which they are entitled under BIPA. Illinois courts have noted that denial of class certification where members of the putative class have no knowledge of the lawsuit may be the "equivalent of closing the door of justice" on the victims. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Assn.*, 198 Ill. App. 3d 445, 452 (5th Dist. 1990). Further, recognizing the need to protect its citizens from harms such as identity theft, Illinois enacted BIPA specifically to regulate the collection, obtainment, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information. A class action would help ensure that Plaintiff and all other similarly situated individuals have a means of redress against Defendant for its widespread BIPA violations.

---

[1] "Section 2-801 is patterned after Rule 23 of the Federal Rules of Civil Procedure and, because of this close relationship between the state and federal provision, 'federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois.'" *Cruz*, 383 Ill. App. 3d at 761 (quoting *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill.2d 100, 125 (2005)).

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

**B.**     **Common Questions of Law and Fact Exist that Predominate Over any Questions Solely Affecting Individual Members of The Class.**

Courts analyze commonality and predominance under Section 2-801 by identifying the substantive issues that will control the outcome of the case. *See Bemis v. Safeco Ins. Co. of Am.*, 407 Ill. App. 3d 1164, 1167 (5th Dist. 2011); *Cruz*, 383 Ill. App. 3d at 773. The question then becomes whether those issues will predominate and whether they are common to the class, meaning that a "favorable adjudication of the claims of the named plaintiffs will establish a right of recovery in other class members." *Cruz*, 383 Ill. App. 3d at 773. As stated by the Court of Appeals, the question is will "common … issues be the subject of the majority of the efforts of the litigants and the court[?]" *Bemis*, 407 Ill. App. 3d at 1168. The answer here is "yes."

At the heart of this litigation is the legality of Defendant's collection, obtainment, storage, use, and dissemination of Plaintiff and the putative class's biometric data. The key issues in this case are simple and straightforward legal questions that plainly lend themselves to class-wide resolution. For example, did Defendant violate BIPA by failing to: (1) develop and adhere to a publicly available retention schedule or guidelines for permanent destruction of the biometric data; (2) provide (and obtain from) Plaintiff and class members a written release for the Defendant to collect, store, or use their biometric data, as required by BIPA; and/or (3) ask for consent before disclosing, redisclosing, or otherwise disseminating their biometric data to a third party? These common questions create common issues of law and fact.

Indeed, once this Court determines whether Defendant's practices of collecting, obtaining, storing, using and disseminating individual's biometric data without adhering to the specific requirements of BIPA constitute violations thereof, liability for the claims of class members will be determined in one stroke. The material facts and key issues of law are substantially the same for all members of the class, and therefore the common issues could be tried in a single proceeding

10

because proof as to one claimant would be proof for all members of the class. This alone establishes predominance. The only remaining questions will be the proper measure of damages and injunctive relief, which in and of themselves are questions common to the class. A showing of actual damages is not necessary to state a claim under BIPA. *See Rosenbach*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an 'aggrieved' person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act"). Accordingly, a favorable adjudication of the Plaintiff's claims in this case will establish a right of recovery to all other class members, and thus the commonality and predominance requirements weigh in favor of certification of the class.

**C.     The Named Plaintiff and Class Counsel are Adequate Representatives of The Class.**

When evaluating adequacy, courts look to whether the named plaintiff has the same interests as those of the class and whether she will fairly represent them. *See CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 16. In this case, Plaintiff's interests arise from enforcing the protections set forth in BIPA. The class representative is a member of the proposed class and will fairly and adequately protect the class's interests. Plaintiff had their biometric data obtained so Defendant could use it as an authentication method to verify her identity and gender, and Defendant subsequently stored Plaintiff's biometric data in its own database(s). Prior to the collection of her biometric identifiers and/or biometric information, Plaintiff was not informed of the specific limited purposes or length of time for which Defendant collected, obtained, stored, used, or disseminated her biometric data. Nor was Plaintiff informed of any biometric data retention policy developed by Defendant or when, if ever, Defendant would permanently delete her biometric information. Furthermore, Plaintiff was not provided a written release allowing Defendant to collect, obtain, store, use, or disseminate her biometric data. Thus, Plaintiff was the victim of the

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

same uniform policies and practices of Defendant as the individuals she seeks to represent, and she is not seeking any relief that is potentially antagonistic to other members of the class. Indeed, Plaintiff has the interests of those class members in mind, as demonstrated by her willingness to sue on a class-wide basis and step forward as class representative, which subjects her to discovery. *See* Exhibit A – Affidavit of Rodneka Perry. This qualifies her as conscientious representative plaintiff and satisfies the adequacy of representation requirement.

Proposed Class Counsel, Stephan Zouras, LLC, will also fairly and adequately represent the class. Proposed Class Counsel is highly qualified and are experienced attorneys. *See* Exhibit B – Affidavit of Catherine Mitchell Duffy and the Firm Resume attached thereto as Exhibit B-1. The attorneys of Stephan Zouras, LLC, are recognized in class action lawsuits and have been designated as class counsel in numerous class actions in state and federal courts, including pioneering efforts on behalf of individuals whose rights under BIPA were violated. (*Id.*). Thus, proposed Class Counsel is also adequate and has the ability and resources to manage this lawsuit.

### D.   A Class Action is the Appropriate Method for Fair and Efficient Adjudication of this Controversy.

Finally, a class action is the most appropriate method for the fair and efficient adjudication of this controversy, rather than bringing individual suits which could result in inconsistent determinations and unjust results. "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner toward an entire class." *P.J.'s Concrete Pumping Serv., Inc. v. Nextel West Corp.*, 345 Ill. App. 3d 992, 1003 (2d Dist. 2004). "The purported class representative must establish that a successful adjudication of its individual claims will establish a right of recovery or resolve a central issue on behalf of the class members." *Id.*

Here, Plaintiff's claims stem from Defendant's common and uniform policies and practices, resulting in common violations of BIPA for all members of the class. Thus, class

FILED DATE: 8/21/2025 2:54 PM    2025CH08668

certification will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. *Wenthold v. AT&T Technologies, Inc.*, 142 Ill. App. 3d 612 (1st Dist. 1986). Without a class, the Court would have to hear dozens of additional individual cases raising identical questions of liability. Moreover, class members are better served by pooling resources rather than attempting to litigate individually. *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶¶ 28-30 (certifying TCPA class where statutory damages were alleged and rejecting arguments that individual lawsuits would be superior). In the interests of justice and judicial efficiency, it is desirable to concentrate the litigation of all class members' claims in a single forum. For all of these reasons, a class action is the most appropriate mechanism to adjudicate the claims in this case.

**E.** **Should the Court or Defendant Seek Additional Factual Information Regarding this Motion, the Court Should Allow Supplemental and Deferred Briefing Following Discovery.**

Plaintiff is moving for class certification now because the class should be certified and because no meaningful discovery is necessary to establish that fact. Defendant's practices and policies are uniform and affect Plaintiff and the class in a uniform manner. If, however, the Court wishes for the parties to engage in discovery, the Court should keep the instant motion pending during the discovery period, allow Plaintiff to file a supplemental brief, and defer Defendant's response and Plaintiff's reply. Plaintiff is also moving as early as possible for class certification in part to avoid the "buy-off problem," which occurs when a defendant seeks to settle with a class representative on individual terms to moot the class claims asserted by the class representative. The instant motion is far more than a placeholder or barebones memorandum. Rather, Plaintiff's full arguments are set forth based on the facts alleged at this extremely early stage of litigation.

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

Should the Court wish for more detailed factual information, the briefing schedule should be extended.

## V.     CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court center an Order: (1) certifying Plaintiff's claims as a class action; (2) appointing Plaintiff Rodneka Perry as Class Representative; (3) appointing Stephan Zouras, LLC as Class Counsel; and (4) authorizing court-facilitated notice of this class action to the class. In the alternative, this Court should allow discovery, allow Plaintiffs to supplement this briefing, and defer response and reply briefs.

Date:   August 21, 2025                    Respectfully Submitted,

*/s/Catherine Mitchell Duffy*

Ryan F. Stephan
James B. Zouras
Catherine Mitchell Duffy
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com
Firm ID: 43734

**ATTORNEYS FOR PLAINTIFF**

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2025, a copy of the foregoing was filed electronically via the court's electronic filing system. Notice of this filing will be sent by email to counsel of record by operation of the court's electronic filing system.

*/s/ Catherine Mitchell Duffy*

# EXHIBIT A

FILED
8/21/2025 2:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08668
Calendar, 4
34122459

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

RODNEKA PERRY, individually and on
behalf of all others similarly situated,

                            Plaintiff,

*v.*

TEA DATING ADVICE, INC.

                          Defendant.

Case No.2025CH08668

CLASS ACTION

JURY TRIAL DEMANDED

### AFFIDAVIT OF RODNEKA PERRY

      I, Rodneka Perry, being first duly cautioned, swear, and affirm as follows:

1. I am over the age of 18 and competent to testify.

2. I am the Named Plaintiff and proposed Class Representative in this case.

3. I understand what it means to be a class representative. As a class representative, I am looking out for the interests of the other class members.

4. I do not have any conflicts with the class members because they were treated like I was with respect to this lawsuit. I have their interests in mind, as well as my own, in bringing this lawsuit.

FURTHER YOUR AFFIANT SAYETH NOT.

Date: 8/21/2025

Rodneka Perry

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

# EXHIBIT B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| RODNEKA PERRY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>*v.*<br><br>TEA DATING ADVICE, INC.<br><br>　　　　　　　　　　　　Defendant. | Case No. 2025CH08668<br><br><br>CLASS ACTION<br><br><br>JURY TRIAL DEMANDED |

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

---

## AFFIDAVIT OF CATHERINE MITCHELL DUFFY

I, Catherine Mitchell Duffy, being first duly cautioned, swear, and affirm as follows:

1. I am one of Plaintiff's Counsel in the above-referenced matter.

2. I submit this Affidavit in support of Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues.

3. I am a Partner of the law firm of Stephan Zouras, LLC. Attached hereto as Exhibit B-1 is a true and correct copy of the firm's resume.


FURTHER YOUR AFFIANT SAYETH NOT.


Date: August 21, 2025　　　　　　　　　　　*/s/ Catherine Mitchell Duffy*
　　　　　　　　　　　　　　　　　　　　Catherine Mitchell Duffy

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

# EXHIBIT B-1

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

# FIRM RESUME



## STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

**Fighting for the Rights
of People.** Driven by Justice.
Dedicated to **You**.

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

## FIRM PROFILE

**STEPHAN ZOURAS, LLC** has pioneered groundbreaking class actions that deliver real results - **$500 million to date -** for real people across the United States.



**Stephan Zouras, LLC** has "substantial class action experience [and] have secured multi-million-dollar class recoveries...."

*Bhattacharya v. Capgemini North America, Inc.*, 324 F.R.D. 353, 363 (N.D. Ill. 2018) (Kennelly, J.)

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## FIRM PROFILE

**STEPHAN ZOURAS, LLC** is a national law firm that represents ordinary people in complex class actions. Our diverse team of professionals are widely recognized for their vigorous advocacy, skill, integrity and experience litigating wage and hour and other employment disputes, biometric and other data privacy, cybersecurity, consumer protection, and other complex litigation. Federal and state courts routinely appoint our attorneys to lead class actions in high-stakes, groundbreaking, rapidly-developing areas with far-reaching impact. We try cases to verdict. We establish favorable precedent for employees and consumers on appeal, including two groundbreaking privacy decisions before the Illinois Supreme Court.

Outside the courtroom, our attorneys testify before legislative bodies and work on legislation designed to protect worker's rights.

Our Chicago-based firm is recognized for its leadership, its zealous, thorough and efficient prosecution of class actions, and for achieving outstanding results at both the trial and appellate levels throughout the United States.

We help deliver justice to ordinary workers and consumers – the ones corporate America loves to abuse and take advantage of.

"[T]he team of attorneys and staff at **Stephan Zouras, LLC**" perform "model work."
*Chatman v. Euromarket Designs, Inc.*, 18 CH 9277 (July 10, 2024 Cir. Ct. Cook Cty.) at p. 6, ¶ 15 (Mullen, J.)



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

## OUR STORY

When Ryan and Jim founded **Stephan Zouras, LLC** in 2007, they had a vision. They wanted to create a law firm that *empowers* individuals to band together, level the playing field and take on wealthy and powerful corporations who shirk the law and take advantage of American workers and consumers.

Today, that vision is a REALITY.

### EXPERIENCE

Not only are we passionate about what we do, we know what we are doing. Our nationally-renowned legal team brings decades of experience and expertise fighting for the rights of people in federal and state courts throughout the United States. We have established groundbreaking and precedent-setting court decisions, including winning a landmark victory for employees at the United States Supreme Court and two watershed victories for privacy rights at the Illinois Supreme Court.

### DEDICATION

Because we are passionate about what we do, we don't cut corners. We're in it for the long haul, we won't sell out the class for a quick buck, and we have the resources, skill and determination to take cases through trial and defend favorable judgments on appeal. We don't settle until we've pulled out all the stops, turned over every stone, and maximized the results for the class. That means that the class members we've represented – hundreds of thousands of people and counting – have, on average, received hundreds of dollars each in direct payments, with many receiving several times that amount.

### REPUTATION

We are known throughout the legal community as among the most skilled and experienced practitioners in the data privacy and wage and hour fields. In 2023, the Illinois Bar Foundation honored Ryan and Jim with its Champion Award, given each year to an attorney "whose professional and public careers set an example to which others aspire."

FILED DATE: 8/21/2025 2:54 PM 2025CH08668

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## PRINCIPAL ATTORNEYS



### JAMES ZOURAS

is a founding partner of Stephan Zouras, LLC. Dedicating his entire professional career to combating corporate abuse and injustice, Jim has helped recover hundreds of millions in individual and class actions arising under the federal and state wage and hour laws, biometric privacy and other complex litigation, along with wrongful death and other catastrophic personal injury actions.

He has successfully tried over a dozen major jury trials and argued approximately 20 appeals as lead appellate counsel before federal and state appellate courts, including the Illinois Supreme Court. Jim is frequently invited as a speaker at national class action and trial seminars. In addition to his admission to numerous trial and appellate courts, Jim is a member of the bar of the Supreme Court of the United States.

Jim and his cases have been profiled by numerous media outlets including the Chicago Tribune, the Chicago Sun-Times, WVON Radio, Bloomberg BNA, Billboard Magazine, TMZ and CBS Consumer Watch.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- ESTABLISHED ENDOWED SCHOLARSHIP FUND AT UNIVERSITY OF ILLINOIS AT CHICAGO; 2021
- INVITED SPEAKER AT NATIONAL EMPLOYMENT LAWYERS ASSOCIATION (IL); 2021
- INVITED SPEAKER AT ILLINOIS INSTITUTE FOR CONTINUING LEGAL EDUCATION; 2018-2022
- INVITED SPEAKER AT ILLINOIS STATE BAR ASSOCIATION; 2018-2019
- INVITED SPEAKER AT ILLINOIS TRIAL LAWYERS ASSOCIATION; 2016
- INVITED SPEAKER AT THE CHICAGO BAR ASSOCIATION; 2008 AND 2016
- INVITED SPEAKER AT THE PRACTICING LAW INSTITUTE; 2012 AND 2015
- INVITED SPEAKER AT THE BRIDGEPORT CONTINUING EDUCATION WAGE AND HOUR SEMINAR; 2012 AND 2014
- EDITOR, ILLINOIS WAGE HOUR TREATISE; 2022
- CONTRIBUTING AUTHOR, AMERICAN BAR ASSOCIATION FEDERAL LABOR STANDARDS LEGISLATION SUBCOMMITTEE, MIDWINTER REPORT; 2016
- HELLENIC BAR ASSOCIATION OF ILLINOIS; 2001-PRESENT
- CO-CHAIR OF THE CONSUMER PRIVACY COMMITTEE OF THE ILLINOIS TRIAL LAWYERS ASSOCIATION; 2023-2024

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## PRINCIPAL ATTORNEYS

- ILLINOIS SUPER LAWYER; 2009-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 1997-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION, BOARD OF MANAGERS; 2022-2023
- ILLINOIS STATE BAR ASSOCIATION; 1997-PRESENT
- NATIONAL EMPLOYMENT LAWYERS ASSOCIATION; 2007-PRESENT
- PUBLIC JUSTICE FOUNDATION; 2018-PRESENT
- CHICAGO FOOD PANTRY VOLUNTEER
- SHIRLEY RYAN ABILITYLAB VOLUNTEER

## EDUCATION

- DEPAUL UNIVERSITY COLLEGE OF LAW, J.D. WITH HONOR, ORDER OF THE COIF, [1995]
- UNIVERSITY OF ILLINOIS CHICAGO, POLITICAL SCIENCE, WITH DISTINCTION [1992]

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

## PRINCIPAL ATTORNEYS



### RYAN STEPHAN

is a founding partner of Stephan Zouras, LLC.  Throughout his career, Ryan has been a passionate advocate for worker and consumer rights, and has helped hundreds of thousands of everyday people recover damages in unpaid overtime, privacy claims, employment disputes, business litigation, products liability and personal injury cases.  Ryan has successfully tried cases to verdict including obtaining a $9,000,000 verdict on behalf of 200 employees who were misclassified and denied overtime pay.

Ryan has also served as lead or co-lead counsel on hundreds of complex class and collective action cases involving privacy issues, wage and hour matters and consumer fraud claims, amongst others, and has helped recover over $250 Million for hundreds of thousands of people. In these cases, Ryan has helped establish precedent in both privacy and wage and hour law, forced major corporations to change unlawful employment practices and helped recover hundreds of millions of dollars for his clients.

Ryan and his cases have been profiled by numerous media outlets including Good Morning America, Fortune, ESPN, Fox News, The Guardian, The New York Times, Think Progress, USA Today and Vice Sports.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- AMERICAN ASSOCIATION FOR JUSTICE; 2020-PRESENT
- AMERICAN BAR ASSOCIATION; 2007-PRESENT
- CHICAGO LIGHTS TUTOR; 2009-2010
- CHICAGO CARES TUTOR; 2008-2009
- FEED MY STARVING CHILDREN VOLUNTEER; 2014-2015
- ILLINOIS STATE BAR ASSOCIATION; 2000-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION BOARD OF ADVOCATES; 2022-PRESENT
- PUBLIC JUSTICE FOUNDATION; 2018-PRESENT

## EDUCATION

- CHICAGO KENT COLLEGE OF LAW, J.D., [2000]
- UNIVERSITY OF ILLINOIS URBANA-CHAMPAIGN, B.A., POLITICAL SCIENCE, [1996]

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## PRINCIPAL ATTORNEYS

Ryan and Jim are admitted to the Supreme Court of the United States, the United States Court of Appeals for the First, Third and Seventh Circuits, and the Trial Bar of the United States District Court for the Northern District of Illinois. Ryan and Jim are admitted to practice in the Northern, Central and Southern Districts of Illinois, the United States Bankruptcy Court for the Northern District of Illinois, and are generally admitted to practice in the District Court of Colorado, the Eastern District of Michigan and the Eastern District of Wisconsin.

In addition, they have been admitted pro hac vice in the United States District Courts for the District of Alaska, the District of Arizona, the District of Columbia, the Northern, Central and Southern Districts of California, the Superior Court for the State of California, the District Court of Columbia, the Northern, Middle and Southern Districts of Florida, the Northern District of Georgia, the Southern District of Indiana, the Northern and Southern Districts of Iowa, the Western District of Kentucky, the District Court of Maryland, the District Court of Massachusetts, the District Court of Minnesota, the Eastern and Western Districts of Missouri, the District Court of New Mexico, the Southern and Eastern Districts of New York, the District Court of New Jersey, the Eastern and Middle Districts of Pennsylvania, the First Judicial District of Pennsylvania, the Eastern, Middle and Western Districts of North Carolina, the Southern District of Ohio, the District Court of Oregon, the Eastern and Middle Districts of Pennsylvania, the Middle District of Tennessee, the Northern and Southern Districts of Texas, and the Western District of Washington.

In every consecutive year since 2009, Chicago Magazine's Super Lawyer Section selected both Jim and Ryan as two of the top attorneys in Illinois, a distinction given to no more than 5% of the lawyers in the state.



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## PARTNERS



### ANDREW FICZKO

A tireless fighter for working people, Andy has spent his entire professional career focusing on Employment Litigation and has represented thousands of employees in class, collective and individual actions nationwide and has recovered hundreds of thousands of dollars in unpaid minimum wages, overtime compensation, and other benefits.

Andy has been recognized by Chicago Magazine's Super Lawyers section as a Rising Star and Super Lawyer for eight consecutive years, a distinction given to no more than 5% of Illinois lawyer. Andy served as the second chair in two major federal jury trials to verdict on behalf of Plaintiffs in wage and hour matters and one state jury trial to verdict on behalf of Plaintiffs in a breach of contract matter.

Andy is admitted to the United States Supreme Court, the United States District Court for the Seventh Circuit, the United States Bankruptcy Court for the Northern District of Illinois, the Trial Bar of the United States District Court for the Northern District of Illinois, and is generally admitted to the District Court of Colorado. Andy has been admitted pro hac vice to the District of Alaska, the Central and Northern Districts of California, the District of Columbia, the Northern District of Georgia, the Southern District of Indiana, the Northern and Southern Districts of Iowa, the District of Massachusetts, the Western District of Missouri, the Southern District of New York, the Middle and Western Districts of North Carolina, the Southern District of Ohio, the Eastern and Middle Districts of Pennsylvania, the Northern and Southern Districts of Texas, and the Western District of Washington.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHICAGO BAR ASSOCIATION; 2009-PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2009-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT
- NORTHERN DISTRICT OF ILLINOIS TRAIL BAR ASSOCIATION; 2010-PRESENT
- CHICAGO FOOD PANTRY VOLUNTEER; 2012

## EDUCATION

- DRAKE UNIVERSITY LAW SCHOOL, J.D., [2009]
- LAFAYETTE COLLEGE, B.S., PSYCHOLOGY, [2002]

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

## PARTNERS



### TERESA BECVAR

A steadfast advocate for individual rights, Teresa has helped thousands of clients hold corporations accountable in employment and consumer protection cases. Teresa has extensive experience in a wide range of employment cases, including wage and hour class and collective actions and employment discrimination.

Teresa is a 2013 graduate of Chicago-Kent College of Law, where she served as Editor of the Law Review. Since 2019, Teresa has served on the Advocacy Council Leadership Committee for Women Employed, an Illinois nonprofit that advocates for the advancement of working women through fair workplaces and education opportunities. Every year since 2016, Teresa has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers.

Teresa is admitted to the Trial Bar of the United States District Court for the Northern District of Illinois, the Northern District of Illinois, the United States Court of Appeals for the Third and Seventh Circuits, and is generally admitted to the District Court of Colorado. She has been admitted pro hac vice to the District Court of Arizona, the Northern District of California, the Superior Court for the State of California, the Middle District of Florida, the District Court of New Mexico, the Eastern and Southern Districts of New York, the Western District of North Carolina, the Northern District of Ohio, the Eastern and Middle Districts of Pennsylvania, the Middle District of Tennessee, and the Western District of Washington.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- ABA/BNA AGE DISCRIMINATION IN EMPLOYMENT LAW SUPPLEMENT, CHAPTER EDITOR; 2016-PRESENT
- AMERICAN ASSOCIATION FOR JUSTICE; 2019-PRESENT
- CHICAGO BAR ASSOCIATION; 2013-PRESENT
- FEDERAL BAR ASSOCIATION; 2012-PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2013-PRESENT
- ILLINOIS TRIAL LAWYER ASSOCIATION; 2017-PRESENT
- PUBLIC JUSTICE FOUNDATION; 2021-PRESENT

## EDUCATION

- CHICAGO-KENT COLLEGE OF LAW, J.D., CUM LAUDE, [2013]
- UNIVERSITY OF CHICAGO, B.A., CINEMA AND MEDIA STUDIES, [2002]



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## PARTNERS



### CATHERINE MITCHELL-DUFFY

is a staunch advocate for individual rights, representing people in a wide-range of legal disputes, including unpaid wages, employee misclassification, improper wage deduction, Employee Retirement Income Security Act (ERISA) violations, antitrust, and consumer fraud. Katie is also a member of the legal team pursuing claims on behalf of employees and consumers for violations of the Illinois Biometric Privacy Act (BIPA). Her broad knowledge in such areas helps clients understand their rights and recover damages when laws are violated.

Katie is admitted to practice in Illinois, the United States District Courts for the Central, Northern and Southern Districts of Illinois, and is generally admitted to the District Court of Colorado and the Eastern District of Wisconsin. She has been admitted pro hac vice to the District of Arizona, the Northern District of California, the Southern District of Iowa, the Middle District of Florida, the District Court of Minnesota, the Fourth Judicial District for the State of Minnesota, the Eastern and Western Districts of North Carolina, the District of New Mexico, the Eastern and Southern Districts of New York, the Eastern District of Pennsylvania, and the United States Court of Appeals for the Seventh Circuit.

### PROFESSIONAL & COMMUNITY ACTIVITIES

- CHAPTER EDITOR, BUREAU OF NATIONAL AFFAIRS AGE DISCRIMINATION IN EMPLOYMENT ACT TREATISE, 2D ED.; 2016
- CHICAGO BAR ASSOCIATION; 2013-PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2015-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT
- SAINT MARY'S COLLEGE CHICAGO EAST ALUMNAE CLUB MEMBER; 2012-PRESENT
- VICE CHAIR, YLS MOOT COURT COMPETITION COMMITTEE; 2016-2019
- WOMEN'S BAR ASSOCIATION OF ILLINOIS; 2015-PRESENT
- YOUNG LAWYERS SOCIETY OF THE CHICAGO BAR ASSOCIATION; 2014-PRESENT

### EDUCATION

- THE JOHN MARSHALL LAW SCHOOL, J.D., [2015]
- SAINT MARY'S COLLEGE, B.A., POLITICAL SCIENCE & PSYCHOLOGY, [2012]

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## PARTNERS



### ANNA CERAGIOLI

started her career at Stephan Zouras in 2017 when she worked as a law clerk. Anna is a skilled and dedicated advocate for individuals and groups of people who have been injured, deprived of earned wages or otherwise mistreated by employers. She has worked tirelessly on an array of individual and class actions lawsuits involving unpaid wages, employee misclassification, tip-pool violations, retaliation, biometric privacy violations, and RICO violations. As the assisting attorney in one of the first in-person jury trials for unpaid wages following the COVID-19 pandemic, Anna obtained a verdict and corresponding six-figure damages award on behalf of one of her clients. Anna achieved the first ruling in the state of Illinois awarding treble damages over and above liquidated damages for claims brought under the Illinois Minimum Wage Law and the Fair Labor Standards Act – a landmark ruling for employee rights.

Anna has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers. She was one of only twelve graduating students inducted into the Chicago-Kent Bar & Gavel Society.

Anna is admitted to the Trial Bar of the United States District Court for the Northern District of Illinois, the Central and Southern Districts of Illinois, and the United States Court of Appeals for the Seventh Circuit. She has also been admitted pro hac vice to the Northern District of California, the Eastern District of New York, the Northern District of Ohio, the Eastern District of Pennsylvania and Court of Common Pleas for the State of Ohio.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHICAGO BAR ASSOCIATION YLS MOOT COURT COMMITTEE; 2019-2021
- CHICAGO BAR ASSOCIATION; 2018-PRESENT
- CHICAGO-KENT BAR AND GAVEL SOCIETY; 2018 INDUCTEE
- CHICAGO-KENT MOOT COURT HONOR SOCIETY, PRESIDENT AND MEMBER; 2016-2018
- CHICAGO-KENT JUSTINIAN SOCIETY, SECRETARY; 2016-2018
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT
- NATIONAL EMPLOYMENT LAWYERS ASSOCIATION; 2022
- WOMEN'S BAR ASSOCIATION OF ILLINOIS; 2018-PRESENT

## EDUCATION

- CHICAGO-KENT COLLEGE OF LAW, J.D., [2018]
- MARQUETTE UNIVERSITY, B.A., CUM LAUDE, ENGLISH [2013]



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

## ASSOCIATES



### MICHAEL CASAS

joined the Stephan Zouras team as a law clerk in 2020, with a passion and dedication for vindicating Illinois citizens' rights under the Illinois Biometric Information Privacy Act (BIPA). Since joining the Stephan Zouras legal team, Michael has assisted in trailblazing actions involving BIPA, employee misclassification, breach of contract, unpaid wages, personal injury, and employment discrimination claims.

Michael graduated cum laude from the University of Illinois – Chicago School of Law, where he was a member of the Dean's List, and a published member of the UIC Law Review. While in law school, Michael served as a Student Attorney for the Community Enterprise & Solidarity Economy Clinic where he consulted small business owners on corporate entity registration and regulatory compliance with Illinois cannabis license applications.

Michael earned his undergraduate degree from the University of Illinois – Urbana/Champaign, where he graduated with a degree in Finance.

Michael is admitted to practice in Illinois and the United States District Court for the Northern and Central Districts of Illinois.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHICAGO BAR ASSOCIATION; 2022 – PRESENT
- AUXILIARY BOARD MEMBER – ONWARD NEIGHBORHOOD HOUSE; 2020 – PRESENT

## EDUCATION

- UNIVERSITY OF ILLINOIS - CHICAGO SCHOOL OF LAW, J.D., CUM LAUDE [2022]
- UNIVERSITY OF ILLINOIS - URBANA-CHAMPAIGN, B.S., FINANCE [2017]

FILED DATE: 8/21/2025 2:54 PM    2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## ASSOCIATES



### JUSTIN CAPARCO

is an associate at Stephan Zouras, supporting class action litigation across the firm's complex litigation practice. He represents classes of individuals in areas such as privacy, employment, consumer protection, and mass torts.

Before joining Stephan Zouras, Justin was a defense attorney representing clients through all stages of litigation – from pre-suit investigation, to mediation, through trial and appeal. He also significantly assisted in the firm's pro bono practice. Prior to that, he worked at a plaintiff-side firm assisting in cutting-edge litigation in areas such as consumer protection, biometric privacy, data breaches, products liability, and mass torts.

Justin is a member of the Illinois and Indiana Bar Associations, and is admitted to practice in the Northern and Southern Districts of Illinois. He has also been admitted pro hac vice to the Northern District of California, and the District Court of New Mexico.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- ILLINOIS STATE BAR ASSOCIATION; 2022 – PRESENT
- CHICAGO BAR ASSOCIATION; 2022 - PRESENT

## EDUCATION

- UNIVERSITY OF WISCOSIN LAW SCHOOL, J.D. [2022]
- RHODE ISLAND COLLEGE, B.A. ECONOMICS & PHILOSOPHY [2018]

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## ASSOCIATES



### DANIELLE SWEET

began her legal career as an attorney with the Louisville Metro Public Defender, where she defended the constitutional rights of her clients. There, she had the unique opportunity to sit second chair in a nationally televised murder trial in her first years of practice. In 2021, Danielle continued her career as defense attorney, shifting her practice to civil litigation.

Danielle is an outstanding litigator who brings her unique background and experience to help Stephan Zouras continue securing justice for people. At Stephan Zouras, Danielle will help continue the SZ legacy of protecting the rights of ordinary workers and consumers, in data privacy, cybersecurity, wage and hour, consumer fraud and complex class actions.

Danielle is a member of the Illinois and Kentucky Bar Associations, the United States District Court for the Eastern and Western Districts of Kentucky and the Northern District of Illinois.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- KENTUCKY BAR ASSOCIATION; 2019 – PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2023 - PRESENT

## EDUCATION

- INDIANA UNIVERSITY MAURER SCHOOL OF LAW, J.D. [2019]
- INDIANA UNIVERSITY, B.S. PYSCHOLOGY [2014]



# STEPHAN ZOURAS

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## ASSOCIATES



### GILLIAN KIMMONS

After joining the Stephan Zouras team as a law clerk in 2023, Gillian became SZ's newest associate attorney in 2024. Gillian is a dedicated advocate who helps litigate for our clients in state and federal court, with a focus on class actions involving biometric privacy, unpaid wages, cybersecurity, and consumer protection.

Gillian obtained her undergraduate degree at the University of Illinois, Urbana/Champaign. While in law school, Gillian was a member of the Dean's List. Gillian also worked as a research assistant with a focus on international and comparative law, gained experience working in family and personal injury law, and participated as member of the Society of Women in Law.

Gillian is admitted to practice in Illinois and the United States District Court for the Northern District of Illinois.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHICAGO BAR ASSOCIATION; 2024 - PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2024 – PRESENT

## EDUCATION

- CHICAGO-KENT COLLEGE OF LAW, J.D. [2024]
- UNIVERSITY OF ILLINOIS AT URBANA-CHAMPAIGN, B.S. AGRICULTURAL COMMUNICATIONS [2021]

PHOTO DATE: 8/21/2025 2:54 PM    2025CH08668

FILED DATE: 8/21/2025 2:54 PM    2025CH08668



# STEPHAN ZOURAS

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## OF COUNSEL



### DAVID J. COHEN

is a highly skilled and successful class-action attorney who joined Stephan Zouras, LLC in 2016. Dave manages our Philadelphia office and has spent his entire career fighting to protect the rights of thousands of healthcare professionals, restaurant workers, transportation workers, IT professionals, shareholders, union members and consumers.

Before joining the private sector, Dave completed a unique clerkship with the Hon. Stephen E. Levin in the Philadelphia Court of Common Pleas, during which he helped to develop a respected and efficient system to resolve the Court's class action cases and contributed to several well-regarded works on class actions.

Dave earned a J.D. from the Temple University School of Law in 1994. While attending law school, Dave was awarded the Barristers Award for excellence in trial advocacy and worked as a teaching assistant for Hon. Legrome Davis (E.D. Pa.) as part of Temple's award-winning Integrated Trial Advocacy program.

Dave is a member of the Pennsylvania and New Jersey Bar Associations, and has been admitted to practice in many courts nationwide, including: the United States Courts of Appeals for the Third and Sixth Circuits and the District Courts of California, Florida, Illinois, Michigan, New Jersey, New York, Pennsylvania, Tennessee and the District of Columbia.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- ILLINOIS STATE BAR ASSOCIATION; 2017-PRESENT
- UNIVERSITY OF CHICAGO ALUMNI INTERVIEWER; 1994-PRESENT
- PENNSYLVANIA BAR ASSOCIATION MEMBER; 1995-PRESENT
- PHILADELPHIA BAR ASSOCIATION MEMBER; 1995-PRESENT
- UNION LEAGUE OF PHILADELPHIA MEMBER; 2001-PRESENT
- STREET TAILS ANIMAL RESCUE FOSTER CARE SPONSOR; 2014-PRESENT
- UNIVERSITY OF CHICAGO "WISR" ALUMNI MENTORING NETWORK; 2017-PRESENT
- PHILADELPHIA BAR ASSOCIATION LEGAL-LINE VOLUNTEER; 2015-2020
- FOUNDATION FOR FIRST RESPONDERS AND FIREFIGHTERS SPONSOR; 1994-2020
- AMERICAN BAR ASSOCIATION MEMBER;1994-2015
- HEAD HOUSE CONSERVANCY BOARD MEMBER; 2008-2015

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## OF COUNSEL

- AIDS SERVICES IN ASIAN COMMUNITIES (ASAIC) SPONSOR; 1994-2014
- FRIENDS OF INGLIS HOUSE VOLUNTEER; 2001-2014
- OLD CITY CIVIC ASSOCIATION BOARD MEMBER, EXECUTIVE COMMITTEE MEMBER AND SECRETARY; 2002-2014
- TEMPLE UNIVERSITY BEASLEY SCHOOL OF LAW MOOT COURT HONOR SOCIETY JUDGE; 2002-2011

## EDUCATION

- TEMPLE UNIVERSITY SCHOOL OF LAW, J.D. [1994]
- UNIVERSITY OF CHICAGO, B.A. CUM LAUDE [1991]



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

## Representative Trials, Verdicts and Judgments

| CASE | COURT | JUDGMENT |
|------|-------|----------|
| Meadows v. NCR Corporation | Northern District of Illinois<br>No. 16-cv-06221 | 5/21/2021 - Jury Verdict (Plaintiff)<br>7/09/2021 - Trial Court Judgment<br>**$225,000** |
| Retaliation Arbitrations | American Arbitration Association<br>Redacted for Confidentiality | 2/2019 & 9/2020 - Arbitration<br>Judgment - **$400,000** |
| Ray v. DISH Network | American Arbitration Association<br>No. 01-15-0003-4651 | 3/17/2019 – Arbitration Judgment<br>**$3,250,000** |
| Franco v. Ideal Mortgage Bankers<br>d/b/a Lend America | Eastern District of New York<br>No. 07-cv-3956 | 12/14/2017 – Trial Court Judgment<br>**$15,200,000** |
| Frisari v. DISH Network | American Arbitration Association<br>No. 18-160-001431-12 | 8/25/2016 - Arbitration Judgment<br>**$2,500,000** |
| Huskey v . Ethicon, Inc. | Southern District of West Virginia<br>No. 2:12-cv-05201 | 9/10/2014 - Jury Verdict (Plaintiff)<br>**$3,270,000** |
| Lee v. THR & Associates, Inc. | Central District of Illinois<br>No. 12-cv-3078 | 5/22/2014 - Trial Court Judgment<br>**$12,200,000** |
| Daniels v. Premium Capital Funding | Eastern District of New York<br>No. 08-cv-4736 | 10/18/2011 - Jury Verdict (Plaintiff)<br>**$9,000,000** |



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## Representative Resolved Class and Collective Actions

**Courts nationwide have appointed the firm as lead or co-lead counsel in numerous class and collective actions in which they have collectively secured over one hundred million dollars in verdicts and settlements including;**

| CASE | COURT | SETTLEMENT |
|---|---|---|
| Boyd v. Lazer Spot, Inc. | Northern District of Illinois<br>No. 2018-CV-08173 | 1/31/2024 - Final Approval<br>**$1,750,000** |
| Wagner v. Speedway, LLC | Northern District of Illinois<br>No. 2020-CV-3014 | 1/23/2024 - Final Approval<br>**$583,000** |
| Purnell v. ASG Staffing, Inc. | Circuit Court of Cook County, IL<br>No. 2021-CH-00991 | 1/03/2024 - Final Approval<br>**$4,900,000** |
| Staubus v. Regents of the University of Minnesota | County of Hennepin, MN<br>No. 27-CV-20-8546 | 12/04/2023 - Final Approval<br>**$3,200,000** |
| Valenzuela v. Flexible Staffing | Circuit Court of Cook County, IL<br>No. 2020-CH-06632 | 10/16/2023 - Final Approval<br>**$2,750,000** |
| Tims v. Black Horse Carries, Inc. | Circuit Court of Cook County, IL<br>No. | 10/04/2023 - Final Approval<br>**$803,000** |
| Wilson v. Magna Exteriors Belvidere | Circuit Court of Boone County, IL<br>No. 2020-L-0039 | 8/18/2023 - Final Approval<br>**$2,300,000** |
| Fulton v. SCR Medical Transport, Inc. | Circuit Court of Cook County, IL<br>No. 2020-CH-00927 | 8/16/2023 - Final Approval<br>**$1,400,000** |
| Krause v. Caputo's Fresh Markets | Circuit Court of Cook County, IL<br>No. 2018-CH-11660 | 7/11/2023- Final Approval<br>**$3,400,000** |

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 8/21/2025 2:54 PM  2025CH08668

## Representative Resolved Class and Collective Actions

**Courts nationwide have appointed the firm as lead or co-lead counsel in numerous class and collective actions in which they have collectively secured over one hundred million dollars in verdicts and settlements including;**

| CASE | COURT | SETTLEMENT |
|------|-------|------------|
| Landa v. MJ Holding Co., LLC | Circuit Court of Cook County, IL No. 2020-CH-05247 | 6/22/2023 - Final Approval **$3,100,000** |
| Figueroa v. Tony's Fresh Market | Circuit Court of Cook County, IL No. 2018-CH-15728 | 5/01/2023 - Final Approval **$6,600,000** |
| Heard v. Omnicell, Inc. | Circuit Court of Cook County, IL No. 2019-CH-06817 | 4/06/2023 - Final Approval **$4,300,000** |
| Jones v. Medical Advantage Group | Northern District of Illinois No. 2020-CV-07128 | 3/27/2023 - Final Approval **$700,000** |
| Dennis v. Greatland Home Health Services, Inc. | Northern District of Illinois No. 2019-CV-05427 | 3/23/2023 - Final Approval **$975,000** |
| Meegan v. NFI Industries, Inc. | Northern District of Illinois No. 2020-CV-00465 | 3/09/2023 - Final Approval **$3,500,000** |
| Pruitt v. Par-A-Dice Hotel Casino | Circuit Court of Tazewell County, IL No. 2020-L-000003 | 2/22/2023 - Final Approval **$825,000** |
| Roper v. Verizon | Eastern District of Pennsylvania No. 2018-CV-5270 | 1/19/2023 - Final Approval **$1,300,000** |
| Figueroa v. Kronos, Inc. | Northern District of Illinois No. 2019-CV-01306 | 12/20/2022 - Final Approval **$15,300,000** |

FILED DATE: 8/21/2025 2:54 PM 2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

## Representative Resolved Class and Collective Actions

**Courts nationwide have appointed the firm as lead or co-lead counsel in numerous class and collective actions in which they have collectively secured over one hundred million dollars in verdicts and settlements including;**

| CASE | COURT | SETTLEMENT |
|---|---|---|
| Brown v. Weathertech | Circuit Court of Cook County, IL No. 2019-CH-00503 | 9/26/2022 - Final Approval **$1,375,000** |
| Bruhn v. Jewel-Osco | Circuit Court of Cook County, IL No. 2018-CH-01737 | 9/08/2022 - Final Approval **$1,575,000** |
| Meier v. Robert Rohrman, et al. | Circuit Court of Cook County, IL No. 2014-CH-11513 | 5/31/2022 - Final Approval **$855,000** |
| Parsons v. Personnel Staffing Group | Circuit Court of Cook County, IL No. 2020-CH-473 | 3/22/2022 - Final Approval **$4,680,000** |
| Mosby v. The Ingalls Memorial Hospital, et al. | Circuit Court of Cook County, IL No. 2018-CH-05031 | 3/14/2022 - Final Approval **$2,420,000** |
| O'Sullivan v. All Star Management, Inc. | Circuit Court of Cook County, IL No. 2019-CH-11575 | 9/02/2021 - Final Approval **$5,850,000** |
| Sanchez v. Visual Pak | Circuit Court of Cook County, IL No. 2018-CH-02651 | 8/10/2021 - Final Approval **$3,500,000** |
| Ramos v. BOX Acquisitions, LLC | Circuit Court of Cook County, IL No. 2020-CH-03887 | 8/05/2021 - Final Approval **$1,380,000** |
| Bedford v. Lifespace Communities, Inc. | Northern District of Illinois No. 2020-CV-04574 | 5/12/2021 - Final Approval **$987,850** |

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## CASE

## COURT

## SETTLEMENT

| CASE | COURT | SETTLEMENT |
|---|---|---|
| Heard v. THC - Northshore, Inc. | Circuit Court of Cook County, IL<br>No. 2017-CH-16918 | 5/05/2021 - Final Approval<br>**$2,250,000** |
| Thome v. Novatime Technology, Inc. | Northern District of Illinois<br>No. 2019-CV-06256 | 3/08/2021 - Final Approval<br>**$14,100,000** |
| Kusinski v. ADP, LLC | Circuit Court of Cook County, IL<br>No. 2017-CH-12364 | 2/10/2021 - Final Approval<br>**$25,000,000** |
| Trayes v. Mid-Con Hospitality Group, LLC | Circuit Court of Cook County, IL<br>No. 2019-CH-11117 | 2/03/2021 - Final Approval<br>**$616,500** |
| Collier v. Pete's Fresh Market | Circuit Court of Cook County, IL<br>No. 2019-CH-05125 | 12/03/2020 - Final Approval<br>**$4,200,000** |
| Bryant v. Loews Chicago Hotel, Inc. | Northern District of Illinois<br>No. 2019-CV-03195 | 10/30/2020 - Final Approval<br>**$1,000,000** |
| Bigger v. Facebook, Inc. | Northern District of Illinois<br>No. 2017-CV-7753 | 10/22/2020 - Final Approval<br>**$1,600,000** |
| Thomas v. Kik Custom Products, Inc. | Circuit Court of Cook County, IL<br>No. 2019-CH-02471 | 9/30/2020 - Final Approval<br>**$1,000,000** |
| Gauzza v. Prospect Medical Holdings, Inc. | Eastern District of Pennsylvania<br>No. 2020-cv-03599 | 9/15/2020 - Final Approval<br>**$1,900,000** |
| Trottier v. Summit Staffing | Circuit Court of Cook County, IL<br>No. 2019-CH-02731 | 8/04/2020 - Final Approval<br>**$1,000,000** |
| Thome v. Flexicorps. Inc. | Circuit Court of Cook County, IL<br>No. 2018-CH-01751 | 7/02/2020 - Final Approval<br>**$1,000,000** |

.

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## CASE

## COURT

## SETTLEMENT

Stewart v. First Transit, Inc.

Eastern District of Pennsylvania
No. 2018-CV-03768

12/30/2019 - Final Approval
**$1,000,000**

Jordan v. Meridian Bank

Eastern District of Pennsylvania
No. 2017-CV-05251

12/19/2019 - Final Approval
**$1,000,000**

George v. Schulte Hospitality Group, Inc.

Circuit Court of Cook County, IL
No. 2018-CH-04413

12/16/2019 - Final Approval
**$1,000,000**

Watts v. Chicago Lakeshore Hospital

Circuit Court of Cook County, IL
No. 2017-CH-12756

11/13/2019 - Final Approval
**$858,000**

Bey v. Walker HealthCare
and;
Pierce v. Encore Health Resources

Southern District of Texas
No. 19-cv-00060
No. 18-cv-04736

9/19/2019 - Final Approval
**$2,400,000**

Dixon v. The Washington & Jane Smith Home

Northern District of Illinois
No. 2017-CV-08033

8/20/2019 - Final Approval
**$1,350,000**

Bhattacharya v. Capgemini

Northern District of Illinois
No. 2016-CV-07950

11/13/18 - Final Approval
**$990,000**

Carver v. Presence Health Network

Northern District of Illinois
No. 15-cv-02905

7/10/18 – Final Approval
**$20,000,000**

Brown v. Health Resource Solutions, Inc.

Northern District of Illinois
No. 16-cv-10667

4/20/18 – Final Approval
**$900,000**

Eggleston v. USCC Services, LLC

Northern District of Illinois
No. 16-cv-06775

2/16/18 – Final Approval
**$1,250,000**

Kaminski v. Bank of America, N.A.

Northern District of Illinois
No. 16-cv-10844

2/15/18 – Final Approval
**$850,000**

FILED DATE: 8/21/2025 2:54 PM    2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

| CASE | COURT | SETTLEMENT |
|---|---|---|
| Donoghue v. Verizon Communications, Inc. | Eastern District of Pennsylvania No. 16-cv-4742 | 11/16/17 – Final Approval **$800,000** |
| Tompkins v. Farmers Insurance Exchange | Eastern District of Pennsylvania No. 14-cv-3737 | 9/27/17 – Final Approval **$775,000** |
| In re Sears Holdings Corporation Stockholder and Derivative Litigation | Court of Chancery of the State of Delaware, No. 11081-VCL | 5/9/17 – Final Approval **$40,000,000** |
| Hauser v. Alexian Brothers Home Health | Northern District of Illinois No. 15-cv-6462 | 4/06/17 – Final Approval **$1,000,000** |
| Leiner v. Johnson & Johnson | Northern District of Illinois No. 15-cv-5876 | 1/31/17 – Final Approval **$5,000,000** |
| Reed v. Friendly's Ice Cream, LLC | Middle District of Pennsylvania No. 15-cv-00298 | 1/31/17 – Final Approval **$3,500,000** |
| Cook v. Bank of America | Northern District of Illinois No. 15-cv-07718 | 8/2/16 – Final Approval **$3,250,000** |
| Lukas v. Advocate Health Care | Northern District of Illinois No. 14-cv-2740 | 6/29/16 – Final Approval **$4,750,000** |
| Price v. NCR Corporation | American Arbitration Association No. 51-610-908-12 | 3/18/15 – Final Approval **$2,950,000** |
| Jones v. Judge Technical Services Inc. | Eastern District of Pennsylvania No. 11-cv-6910 | 12/15/14 – Final Approval **$1,220,000** |
| Ord v. First National Bank of Pennsylvania | Western District of Pennsylvania No. 12-cv-766 | 6/21/13 – Final Approval **$3,000,000** |

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

| CASE | COURT | SETTLEMENT |
|---|---|---|
| Pomphrett v. American Home Bank | Eastern District of Pennsylvania<br>No. 12-cv-2511 | 3/14/13 – Final Approval<br>**$2,400,000** |
| Glatts v. Crozer-Keystone Health System | Philadelphia Court of Common Pleas, No. 0904-1314 | 2/06/13 – Final Approval<br>**$1,200,000** |
| Turner v. Mercy Health System | Philadelphia Court of Common Pleas, No. 0801-3670 | 4/20/11 – Final Approval<br>**$2,750,000** |
| Perez v. RadioShack Corporation | Northern District of Illinois<br>No. 02-cv-7884 | 9/14/07 - Final Approval<br>**$9,000,000** |

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

RODNEKA PERRY, individually and on
behalf of all others similarly situated,

                Plaintiff,

v.

TEA DATING ADVICE, INC.

                Defendant.

Case No.2025CH08668

## ORDER

This matter coming to be heard on Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues on August 28, 2025, Counsel for Plaintiff present and the Court being fully advised, IT IS HEREBY ORDERED:

Plaintiff's motion is entered and continued to the previously-scheduled Case Management Conference, set for October 20, 2025, at 9:30 AM, Zoom Meeting ID Number: 974 5431 3798, Password: 501494.

Judge Alison C. Conlon

AUG 28 2025

Circuit Court - 2140

The Hon. Alison C. Conlon

Cal 4 phone number: (312) 603-4158
CCC.ChanceryCalendar4@CookCountyIL.gov

Prepared by:
Gillian C. Kimmons
Stephan Zouras, LLC
222 W. Adams St., Suite
Chicago, Illinois 60606
312.233.1550 | 312.233.1560 *f*
gkimmons@stephanzouras.com

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 4

FILED
9/3/2025 11:12 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08668
Calendar, 4
34276523

12/01/20

r        d    r        d

CHANCERY                    M

Rodneka Perr
                                          Plaintiff

                    v.

Tea Dating Advice, Inc.
                                          Defendant

Case No.    2025 CH 08668

Claimed $: _____

Return Date: _____  Time: _____

Court Date: _____  Room No.: _____

Address of Court District for Filing

                    M

☑ General Appearance    ☑ 0900 - Fee Paid          ☐ 0904 - Fee Waived
☐ Jury Demand           ☐ 0908 - Trial Lawyers Appearance - No Fee
                        ☐ 1900 - Appearance and Jury Demand/Fee Paid    ☐ Twelve-person Jury
                        ☐ 1904 - Appearance and Jury Demand/No Fee Paid ☐ Six-person Jury

The undersigned enters the appearance of:  ○ Plaintiff  ○ Defendant

Litigant's Name:  Tea Dating Advice, Inc.

Signature: /s/  Bonnie Keane DelGobbo

☑ Initial Counsel of Record    ☐ Pro Se (Self-represented)    ☐ 2810 Rule 707 Out-of-State Counsel
                                                                  (pro hac vice)
☐ Additional Appearance    ☐ Substitute Appearance

⦿ Atty. No.: 6309394        ○ Pro Se 99500

Name: Bonnie Keane DelGobbo  Baker & Hostetler LLP
Atty. for (if applicable):

Tea Dating Advice, Inc.

Address: One N. Wacker Drive, S uite 3700

City: Chicago, Illinois

State: IL  Zip: 60606  Phone: 312-416-8185

Primary Email: bdelgobbo@bakerlaw.com

r    d    d    r    r        r

M

*Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attornies) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)*

Pro Se Only:
☐ I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/  Bonnie Keane DelGobbo

Attorney for  ○ Plaintiff  ⦿ Defendant

**Iris Y. Martinez**    r        r        r

                    r        r    r    r

Page 1 of 1

FILED
9/5/2025 11:47 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08668
Calendar, 4
34320080

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 4

FILED DATE: 9/5/2025 11:47 AM    2025CH08668

r        d    r        d                                                    12/01/20

CHANCERY                    M

| | |
|---|---|
| Rodneka Perr | Case No.  2025 CH 08668 |
| Plaintiff | Claimed $: _____ |
| v. | Return Date: _____  Time: _____ |
| Tea Dating Advice, Inc. | Court Date: _____  Room No.: _____ |
| Defendant | |

Address of Court District for Filing

M

- [✔] General Appearance
- [✔] 0900 - Fee Paid
- [ ] 0904 - Fee Waived
- [ ] Jury Demand
- [ ] 0908 - Trial Lawyers Appearance - No Fee
- [ ] 1900 - Appearance and Jury Demand/Fee Paid
- [ ] Twelve-person Jury
- [ ] 1904 - Appearance and Jury Demand/No Fee Paid
- [ ] Six-person Jury

The undersigned enters the appearance of:  ○ Plaintiff  ○ Defendant

Litigant's Name: Tea Dating Advice, Inc.

Signature: /s/ Joel C. Griswold

- [✔] Initial Counsel of Record
- [ ] Pro Se (Self-represented)
- [ ] 2810 Rule 707 Out-of-State Counsel (pro hac vice)

- [ ] Additional Appearance
- [ ] Substitute Appearance

- (●) Atty. No.: 6277574
- ○ Pro Se 99500

Name: Joel C. Griswold  Baker & Hostetler LLP
Atty. for (if applicable):
Tea Dating Advice, Inc.

Address: One N. Wacker Drive, S uite 3700

City: Chicago, Illinois

State: IL  Zip: 60606  Phone: 312-416-6200

Primary Email: cgriswold@bakerlaw.com

r    d      d  r r       r

> **M**
> Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)

Pro Se Only:
- [ ] I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/ Joel C. Griswold

Attorney for  ○ Plaintiff  (●) Defendant

**Iris Y. Martinez**    r      r    r

r      r  r  r

Page 1 of 1

FILED
9/5/2025 12:03 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08668
Calendar, 4
34320687

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 4

FILED DATE: 9/5/2025 12:03 PM   2025CH08668

Notice and Acknowledgment of
Receipt of Summons and Complaint                    (12/01/24) CCG 0063 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

RODNEKA PERRY

                              Plaintiff(s)      Case No.    2025CH08668

                vs.

TEA DATING ADVICE, INC.                          Defendant(s)
                                                 Amount Claimed:   $ _____

                              Defendant(s)

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

To: Bonnie DelGobbo                     Address: 1 N Wacker Dr Ste 3700
        (Name)

City: Chicago               State: IL   Zip: 60606

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within _____ 30 * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within _____ 30 * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within _____ 60 ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on _____ 9/3/25 .

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 9/5/2025 12:03 PM   2025CH08668

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint** _____ (12/01/24) CCG 0063 B

E-filing is now mandatory for documents in civil cases with limited exemptions.  To e-file, you must first create an account with an e-filing service provider.  Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.  If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at:

(Please print or type)

Name: __Bonnie DelGobbo_____

Address: _____

City: _____ State: _____ Zip: _____

Email: __bdelgobbo@bakerlaw.com_____

Relationship to Entity/Authority to Receive Service of Process: _outside_____ counsel

(Not applicable if your are the named Defendant or Respondent.)

Dated: __9/5/2025_____

_____
Signature

---

\*   (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

\*\*  (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

# EXHIBIT D

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

FILED
8/29/2025 11:07 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH09023
Calendar, 11
34236004

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

|  |  |
|---|---|
| JASMINE VALDEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>against<br><br>TEA DATING ADVICE, INC.,<br><br>Defendant. | Case No. **2025CH09023**<br><br>**12-Person Jury**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT FOR BIOMETRIC INFORMATION PRIVACY ACT VIOLATIONS

Plaintiff JASMINE VALDEZ alleges that Defendant TEA DATING ADVICE INC., on knowledge as to their own actions, and otherwise upon information and belief, as follows:

## INTRODUCTION

1. This is a putative class action complaint arising from Defendant's violations of the Illinois Biometric Information Privacy Act.

2. Plaintiff is a user in Illinois who downloaded and uploaded selfies to the Tea mobile application (or "app"), owned and operated by Defendant.

3. The Defendant's app, Tea, available on the Apple play store and is designed for the exclusive use of women who wish to promote each other's safety in the online-dating world by anonymously trading notes on men in their local dating markets.

FILED DATE: 8/29/2025 11:07 AM 2025CH09023

4. Critical to the app's function is the privacy of its users, who are ostensibly given a safe-space to discuss potential dating red-flags or safety issues with men without retaliation.

5. In order to make the app's use exclusive to women, Defendant requires all users to submit two photos for a verification of their identity and gender: a selfie of themselves, and a photo of their driver's license.

6. The photos are then matched using a facial recognition system to identify biometric information from each submitted user, to verify that the user is a woman before giving her full use of the app.

7. All of the users' submitted verification photos are actually stored for an apparently indefinite time period on an insecure server – long after the verification process had been completed.

8. On July 25th, 2025, a data-breach occurred wherein a hacker posted tens of thousands of user photos and identifications on the anonymous imageboard 4chan – in an express attempt to humiliate, mock, and reveal personal details of Tea's users.

9. On or about July 27th, 2025, a second breach occurred wherein millions of private messages between users were leaked.

10. As a result of Defendant's negligence in acquiring and storing their user data, their misrepresentations for how long they store that data, and the opaque collection of sensitive biometric data - hundreds of thousands of the

FILED DATE: 8/29/2025 11:07 AM  2025CH09023

app's users now have their personal identifying information released on the internet, and specifically within the hands of malicious actors.

11. Consequently, several lawsuits across the country have been filed by users seeking to recover general damages from the data breach.

12. However, aside from liability for general data breach claims, the biometric information of the Plaintiff and the Class was collected and stored in violation of the Illinois Biometric Information Privacy Act ("BIPA").

13. Thus, this lawsuit is filed on behalf of users in Illinois who may have a claim specifically under BIPA in relation to the scanning and storing of their facial geometry.

## PARTIES

14. At all times relevant to this Complaint, Plaintiff Jasmine Valdez was a resident of Illinois who downloaded the Tea app during on or about May 2024, who uploaded a verification selfie and a photo of her drivers license through Defendant's app.

15. At all times relevant to this Complaint, Defendant Tea Dating Advice Inc. is a for-profit corporation headquartered in San Franciso, California.

## JURISDICTION AND VENUE

16. The Court has personal jurisdiction over the Defendant because the face geometry scans that give rise to this lawsuit were provided to Defendant in Illinois. Defendant thus captured, collected, possessed, stored, otherwise obtained, and used the biometrics in Illinois. Defendant also does significant

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

business in Illinois and has purposefully availed itself of the privilege of doing business in Illinois. Further, Defendant consciously designed its Apps as to be usable and/or downloadable in Illinois. And the transactions giving rise to this action arise out of or relate to Defendant's business in Illinois.

17. Venue is proper in this County pursuant to 735 ILCS 5/2-102(a) because Defendant does substantial business in this County and a substantial part of the events giving rise to Plaintiff's claims took place within this County. Plaintiff's biometric information was collected in this County.

## **STATEMENT OF FACTS**

18. Defendant launched the Tea App sometime in 2023, as a way for women on dating apps to discuss their experiences with men in their local dating market.

19. The name references the expression "spill the tea" – which means to share gossip or salacious information.

20. In order to prevent retaliation from men who may be discussed on the app, Defendant requires that all users be women.

21. Each and every user of the app, from its inception to the filing of this Complaint is required to submit a selfie-verification of themselves, together with a photo of their drivers license or government identification to the app, upon installation and set-up.

22. A facial scan is performed on the uploaded photographs of the users, to use certain biometric measurements to verify that the user is female and is using their own photos as opposed to a stranger's.

23. If a user does not upload those photos, they cannot use the app at all. Thus, the submission of sensitive biometric information that could be used to identify any individual was required as a condition to use the app.

24. Each and every user of the app, including Plaintiff and the proposed class, upon having their photos solicited, is expressly assured by the text on the app's click-flow that their data will only be stored until their account can be verified.

25. However, Defendant actually stored all users' verification selfies and driver's license photos for long after the completion of the verification process.

26. A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA, facial features and voice, among others.

27. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions."

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

28. In recognition of this legitimate concern over the security of biometric information, the Illinois Legislature enacted the BIPA, which provides, inter alia, that: No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

29. Further, BIPA provides that a private entity must not sell, lease, trade, or otherwise profit from a persons biometrics, must not disclose, redisclose, or otherwise disseminate a person's biometrics, except under certain exceptions, and must store, transmit, and protect an individual's biometric identifiers and biometric information using the same standard of care for its industry and other confidential and sensitive information.

30. BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10. A "biometric identifier" includes a "scan of … face geometry." Id.

31. Once a user takes a selfie or uploads a photo including people's faces in the app, Defendant's software extracts (captures, collects, or otherwise obtains) the biometric face geometry of every individual whose face appears in the uploaded photos, from the selfie and from the driver's license or ID. Defendant does so by scanning each user's face and creating a set of biology-based measurements used to identify whether each individual is female. Defendant then possesses, stores, and uses this face geometry and related biometric information to allow or deny the user access to its app.

32. Thus, Defendant captures, collects, possesses, stores, otherwise obtains, and/or uses users' face geometry and related biometric information. But Defendant does so without complying with BIPA's requirements.

33. If Defendant's face geometry scans were to fall into the wrong hands, by data breach or otherwise, then unscrupulous entities could subvert users' expectations of personal privacy, grossly violate their respective senses of dignity, and otherwise flout notions of common decency. Biometrics can be used to glean copious amounts of sensitive information about those who are subject to their collection, including age, gender, ethnicity, socio-economic status, health conditions, and more.

34. BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks inherent to the collection and storage of biometrics, and a right to know how long such risks will persist.

**FACTS SPECIFIC TO PLAINTIFF JASMINE VALDEZ**

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

35. Ms. Valdez downloaded the Tea App during the month of May of 2024 while she resided in Chicago, Illinois.

36. After downloading the app, she uploaded the required photos for verification, including a contemporaneous selfie (or photograph of herself) and a photo of her drivers' license, while still in Illinois.

37. After Ms. Valdez uploaded the verifications, Defendant's software automatically and instantly captured, collected, and/or otherwise obtained her biometric face geometry by scanning her faces and creating sets of biology-based measurements used to identify her.

38. But Plaintiff Valdez:

(1) never received a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information from Defendant. See 740 ILCS 14/15(a).

(2) had her biometrics (facial geometry scans) collected, captured, or otherwise obtained by Defendant, through the app, without:

    (a) having been informed in writing that these biometric identifiers or information would be collected or stored. See 740 ILCS 14/15(b)(1);

    (b) having been informed in writing of the specific purpose and length of term for which such biometric identifiers or biometric information were being collected, stored, and used. See 740 ILCS 14/15(b)(2); and

    (c) having furnished his written consent for the collection of this biometric identifiers or information. See 740 ILCS 14/15(b)(3).

FILED DATE: 8/29/2025 11:07 AM 2025CH09023

FILED DATE: 8/29/2025 11:07 AM   2025CH09923

39. By collecting Plaintiff's unique biometrics without his consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to privacy in her biometrics.

## CLASS ALLEGATIONS

40. Class Definition: Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"): **All Illinois residents who had their facial geometry captured, collected, possessed, received, stored, otherwise obtained and/or used, by Defendant in Illinois**

41. The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest (including current and former employees, officers, or directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

42. **Numerosity:** Pursuant to 735 ILCS 5/2-801(1), members of the Class are so numerous that their individual is impracticable. On information and belief, members of the Class number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may

be determined through discovery. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

43. **Commonality and Predominance:** Pursuant to 735 ILCS 5/2-801(2), common and well-defined questions of fact and law exist as to all members of the Class and predominate over questions affecting only individual Class members. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, include but are not limited to, the following:

44. (1) whether Defendant collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

(2) whether Defendant published a publicly available written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. See 740 ILCS 14/15(a).

(3) whether Defendant informed users in writing that their biometric identifiers or information would be collected or stored. See 740 ILCS 14/15(b)(1);

FILED DATE: 8/29/2025 11:07 AM   2025CH09923

(4) whether Defendant informed users in writing of the specific purpose and length of term for which such biometric identifiers or biometric information were being collected, stored, and used. See 740 ILCS 14/15(b)(2);

(5) whether Defendant received written consent from users for the collection of their biometric identifiers or information. See 740 ILCS 14/15(b)(3).

(6) whether Defendant used Plaintiff's and the Class's biometric identifiers or biometric information to identify them; and

(7) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

45. **Adequate Representation**: Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained competent counsel experienced in prosecuting complex consumer class action. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff and his counsel are able to fairly and adequately represent and protect the interests of such a Class because their interests do not conflict with the interests of the Class members Plaintiff seeks to represent. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

FILED DATE: 8/29/2025 11:07 AM  2025CH09023

46. **Superiority**: Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Moreover, even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for inconsistent or contradictory judgments, and it would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Class. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with BIPA.

## CAUSES OF ACTION

### COUNT I

FILED DATE: 8/29/2025 11:07 AM    2025CH09023

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

**FOR DAMAGES AGAINST DEFENDANT'S VIOLATION OF 740 ILCS 14/15(A) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE**

47. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

49. BIPA § 15(a) mandates that companies in possession of biometrics establish and maintain a satisfactory biometric retention – and, importantly, deletion – policy. Specifically, those companies must, at the time they first possess biometrics: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. See 740 ILCS 14/15(a).

50. Defendant failed to comply with these BIPA mandates.

51. Defendant is a corporation that does business in Illinois and thus qualifies as a "private entity" under BIPA. See 740 ILCS 14/10.

52. Plaintiff is an individual who had his "biometric identifiers" (face geometry scans) possessed by Defendant, as explained in detail above. See 740 ILCS 14/10.

53. Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. See 740 ILCS 14/10.

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

54. Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information at the time of possession, as specified by BIPA § 15(a). See 740 ILCS 14/15(a).

55. Defendant lacked retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data. As such, the only reasonable conclusion is that Defendant has not, and will not, destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied.

56. On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## COUNT II

## FOR DAMAGES AGAINST DEFENDANT'S VIOLATION OF 740 ILCS 14/15(B) – FAILURE TO OBTAIN INFORMED WRITTEN CONSENT

**AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS**

**OR INFORMATION**

57. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

58. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

59. BIPA § 15(b) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information." 740 ILCS 14/15(b)(1)-(3).

60. Defendant failed to comply with these BIPA mandates.

61. Defendant is a corporation that does business in Illinois and thus qualifies as a "private entity" under BIPA. See 740 ILCS 14/10.

62. Plaintiff and the Class are individuals who have had their "biometric identifiers" collected, captured, stored, and/or otherwise obtained by Defendant, as explained in detail above. See 740 ILCS 14/10.

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

63. Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. See 740 ILCS 14/10.

64. Defendant never informed Plaintiff, and never informed any member of the Class, in writing that their biometric identifiers and/or biometric information were being collected, captured, possessed, stored, otherwise obtained, and/or used, as required by 740 ILCS 14/15(b)(1).

65. Nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used, and/or otherwise obtained, as required by 740 ILCS 14/15(b)(2).

66. Additionally, Defendant collected, captured, stored, used, and/or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

67. By collecting, capturing, storing, using, and/or otherwise obtaining Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA § 15(b).

68. On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of

FILED DATE: 8/29/2025 11:07 AM  2025CH09023

Plaintiff and the Class by requiring Defendant to comply with BIPA § 15(b)'s requirements for the collection, capture, storage, use, and/or obtainment of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## COUNT III

## FOR DAMAGES AGAINST DEFENDANT'S VIOLATION OF 740 ILCS 14/15(E) – FAILURE TO STORE AND PROTECT BIOMETRIC INFORMATION

69. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

70. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

71. BIPA § 15(e) (1) requires that a private entity in possession of biometric information "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry." 740 ILCS 14/15(e)(1).

72. Here, Defendant failed to store and protect the biometric information of Plaintiff and the Class to a reasonable standard of care within their industry.

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

73. In fact, the biometric information stored by the Plaintiff and the Class were hardly secure at all, and in many cases completely accessible to malicious third parties through public links – falling far below any reasonable standard of care for biometric information for an app developer.

74. By obtaining Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA § 15(e)(1).

75. On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA § 15(b) and (e)(1)'s requirements for the collection, capture, storage, use, and/or obtainment of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

(a) Certifying this case as a class action on behalf of the Class defined

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

above, appointing Plaintiff as the representative of the Class, and

appointing Plaintiff's counsel as Class Counsel;

(b) Declaring that Defendant's actions, as set out above, violate BIPA,

740 ILCS 14/15(a);

(c) Declaring that Defendant's actions, as set out above, violate BIPA,

740 ILCS 14/15(b)(1)-(3);

(d) Declaring that Defendant's actions, as set out above, violate BIPA 740

ILCS 14/15(e)(1);

(e) Awarding statutory damages of $5,000.00 for each and every

intentional and/or reckless violation of BIPA pursuant to 740 ILCS

14/20(2), or alternatively, statutory damages of $1,000.00 for each

and every violation pursuant to 740 ILCS 14/20(1) if the Court

finds that Defendant's violations were negligent;

(f) Awarding injunctive and other equitable relief as is necessary to

protect the interests of the Classes, including, inter alia, an Order

requiring Defendant to collect, store, and use biometric identifiers

and/or biometric information in compliance with BIPA;

(g) Awarding Plaintiff and the Class their reasonable attorneys' fees

and costs and other litigation expenses pursuant to 740 ILCS

14/20(3);

(h) Awarding Plaintiff and the Class pre- and post-judgment interest,

to the extent allowable; and

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

(i) Awarding such other and further relief as equity and justice may

require.

JURY TRIAL DEMANDED

Plaintiff demands a trial by jury for all issues so triable.


Respectfully submitted,

/s/ Jay Kumar

**Jay Kumar Law**


Jay Kumar

211 W. Wacker Dr, Suite 200B

Chicago, IL 60606

Tel: 312-767-7903

Jay@jaykumarlaw.com

Attorney No. 60100

ARDC: 6319314

*Counsel for Plaintiff and the Putative Class*

FILED DATE: 9/3/2025 2:21 PM    2025CH09023

# SUMMONS

## IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**

*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

FILED
9/3/2025 2:21 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH09023
Calendar, 11
34283191

**COUNTY:** Cook ▾

*County Where You Are Filing the Case*

Enter the case information as it appears on your other court documents.

**PLAINTIFF/PETITIONER OR IN RE:** Jasmine Valdez

*Who started the case.*                     *First, Middle, and Last Name, or Business Name*

**DEFENDANTS/RESPONDENTS:** Tea Dating Advice, Inc.

*Who the case was filed against.*

*First, Middle, and Last Name, or Business Name*

2025CH09023

**Case Number**

## The Defendant/Respondent named above has been sued. Read this form for information about how to respond to this lawsuit. Also see page 4 for next steps.

**For the person filling out this form: Read all instructions in this box.**

This *Summons* can only be used for certain types of cases. See the *How To Serve a Summons* Instructions for more information: ilcourts.info/how-to-summons.

Check 1 if this is a 30-day summons or check 2 if this is a date certain summons. Fill in all the information in 1 or 2.

- Use a **date certain summons** if you are asking for money of $50,000 or less or recovery of your personal property that you think the Defendant has, and for some mandatory arbitration cases. In 2, fill in your court date and how to go to court. You may get the court date when you e-file or you may need to ask the Circuit Clerk's office.

- Use a **30-day summons** for most other case types.

Complete the rest of the form with the Defendant/Respondent's information and information about the lawsuit.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

## ☑ 1. 30-DAY SUMMONS

To participate in this case, you must **file** your *Appearance* and *Answer/Response* forms with the court within 30 days after you are served with this *Summons* (not counting the day of service) by e-filing or at:

Court Address: Richard J. Daley Center, 50 W Washington St, Chicago IL 60602

*Courthouse Street Address*

**- or -**

## ☐ 2. DATE CERTAIN SUMMONS

*Your court date is listed below. Information about getting a court date and how to attend is available from the Circuit Clerk. You can find their contact information at ilcourts.info/clerks.*

To respond to this *Summons*, you must **attend court** in one of the ways checked below on:

_____ at _____ ☐ a.m. ☐ p.m. in _____.

*Month, Day, Year*                *Time*                *Courtroom Number*

FILED DATE: 9/3/2025 2:21 PM   2025CH09023

Case Number 2025CH09023

## Going to Court for a Date Certain Summons

Court dates may be in-person, remote, or a combination of in-person and remote.

☐ **In person** at: _____

               *Courtroom Address*              *Courtroom Number*

☐ **Remotely** (video or telephone)

    **By video conference** at: _____

                    *Video Conference Website*

    Log-in information: _____

           *Video Conference Log-in Information, Meeting ID, Password, etc.*

    **By telephone** at: _____

             *Call-in Number for Telephone Remote Appearance*

To find out more about remote court options:

Phone: _____ or Website: _____

    *Circuit Clerk's Phone Number*          *Website URL*

_____        _____

## 3. ADDITIONAL INFORMATION ABOUT THE LAWSUIT

a. I am asking for the following amount of money in my *Complaint/Petition*: $ _____.

                              *(Enter 0 if you are not asking for money)*

b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession) in my *Complaint/Petition*.

    ☐ Yes    ☑ No

## 4. DEFENDANT/RESPONDENT'S INFORMATION

a. Number of Defendants/Respondents being served:

    ☑ I am having 1 Defendant/Respondent served and their information is on this form below.

    ☐ I am having more than 1 Defendant/Respondent served. The first is listed below. I have attached *Additional Defendant/Respondent Address and Service Information* forms for the following number of additional Defendants/Respondents: _____.

                            *Number*

b. First Defendant/Respondent's **primary address/information** for service:

Name: TEA DATING ADVICE, INC. _____

    *First, Middle, and Last Name, or Business Name*

Registered Agent's Name *(if you are serving the Registered Agent of a business)*:

LEGALINC CORPORATE SERVICES INC. _____

    *First, Middle, and Last Name*

Street Address: 131 CONTINENTAL DRIVE SUITE 305 _____

    *Street, Apt #*

City, State, ZIP: NEWARK, DELAWARE 19713 _____

    *City*           *State*      *Zip*

Telephone: _____ Email: _____

FILED DATE: 9/3/2025 2:21 PM    2025CH09023

Case Number 2025CH09023 _____

c. **Second address** for this Defendant/Respondent:

☑ I do **not** have another address where the Defendant/Respondent might be found.

☐ I have another address where this Defendant/Respondent might be found. It is:

Street Address: _____
*Street, Apt #*

City, State, ZIP: _____
*City*                                    *State*                *Zip*

Telephone: _____    Email: _____

d. **Person who will serve your documents on this Defendant/Respondent:**

☐ Sheriff in Illinois   ☐ Special process server   ☐ Licensed private detective

☑ Sheriff outside Illinois: New Castle _____
*County & State*

---

**PLAINTIFF/PETITIONER INFORMATION:**

*Enter your information below.*

Name Jasmine Valdez _____
*First, Middle and Last Name*

Registered Agent's name, if any _____
*First, Middle and Last Name*

Street Address 211 W Wacker Drive, Suite 200B _____
*Street, Apt #*

City, State, ZIP: Chicago, IL 60606 _____
*City*                                    *State*                *Zip*

Telephone: (312) 767-7903 _____  Email: jay@jaykumarlaw.com _____

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

---

**STOP** The Circuit Clerk and officer or process server will fill in this section.

**To be filled in by the Circuit Clerk:**

Witness this Date: _____

*Seal of Court*

Clerk of the Court: _____

**To be filled in by an officer or process server:**

Date of Service: _____

*Fill in the date above and give this copy of the Summons to the person served.*

---

**Note to officer or process server:**

◎ If **1** is checked, this is a 30-day *Summons* and must be served within 30 days of the witness date.

◎ If **2** is checked, this is a date certain *Summons* and must be served at least 21 days before the court date, unless 3b is checked yes.

  ▪ If **2** is checked **and 3b** is checked yes, the *Summons* must be served at least 3 days before the court date.

◎ Fill in the date above and give this copy of the *Summons* to the person served.

◎ You must also complete the attached *Proof of Service* form and file it with the court or return it to the Plaintiff.

FILED DATE: 9/3/2025 2:21 PM   2025CH09023

*Case Number* 2025CH09023



# WHAT'S NEXT

## NEXT STEPS FOR PERSON FILLING OUT THIS FORM:

When you file a lawsuit, you must notify the person or business you are suing of the court case by having the *Summons* and Complaint or Petition delivered to them. This is called "serving" them.

File your *Summons* and Complaint or Petition with the Circuit Clerk in the county where your court case should be filed. The Circuit Clerk will "issue" the *Summons* by putting a court seal on the form.

Have the sheriff or a private process server serve the *Summons* and a copy of the Complaint or Petition on the Defendant/Respondent. You cannot serve the *Summons* yourself.



> Learn more about each step in the process and how to file in the instructions:
> ilcourts.info/how-to-summons.

## NEXT STEPS FOR PERSON RECEIVING THIS DOCUMENT:



**You have been sued:**

- ◎ Read all documents attached to this *Summons*.
- ◎ All documents referred to in this *Summons* can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- ◎ You may be charged filing fees, but if you cannot pay them, you can file an *Application for Waiver of Court Fees (Civil)*.
- ◎ When you go to court, it is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

**If Section 1 on page 1 of this *Summons* is checked (30-day summons)*:*

- ◎ You **must** file official documents called an *Appearance* and an *Answer/Response* with the court within 30 days of the date you were served with this *Summons*.
- ◎ If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- ◎ After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efile. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- ◎ You should be notified of any future court dates.

**If Section 2 on page 1 of this *Summons* is checked (date certain summons):**

- ◎ You **must** attend court on the date listed in Section 2 of this *Summons.*
- ◎ If you do not attend that court date, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

**Need Help? ¿Necesita ayuda?**

- ◎ Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents.
- ◎ Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.
- ◎ You can also get free legal information and legal referrals at illinoislegalaid.org.
- ◎ If there are any words or terms that you do not understand, please **visit Illinois Legal Aid Online** at ilao.info/glossary. You may also find more information, resources, and the location of your local legal self-help center at: ilao.info/lshc-directory.

Case Number 2025CH09023

# PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**
*Check if this is not the 1ˢᵗ Summons issued for this Defendant/Respondent.*

**COUNTY:** Cook ☐▼
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** Jasmine Valdez
*Who started the case.*                    *First, Middle, and Last Name, or Business Name*

**DEFENDANTS/RESPONDENTS:** Tea Dating Advice, Inc.
*Who the case was filed against.*

_____

_____
                    *First, Middle, and Last Name, or Business Name*

2025CH09023
**Case Number**

**STOP** Do not complete the rest of the form. **The sheriff or special process server will fill in the form.**
Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent who will be served.

My name is _____ and I state:
                    *Officer/Process Server First, Middle, Last Name*

## SERVICE INFORMATION

Defendant/Respondent: _____
                    *First, Middle, Last Name, or Business Name*

☐ I was not able to serve the *Summons* and Complaint/Petition on the Defendant/Respondent named above.

**- or -**

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent named above as follows:

☐ **Personally** on the Defendant/Respondent:
    ☐ Male ☐ Female ☐ Non-Binary  Approx. Age: _____  Race: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

☐ On **someone else at the Defendant/Respondent's home** who is at least 13 years old and is a family member or lives there:
Name of person served: _____
                            *First, Middle, Last Name*
    ☐ Male ☐ Female ☐ Non-Binary  Approx. Age: _____  Race: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____
and by sending a copy to this Defendant/Respondent in a postage-paid, sealed envelope to the above

address on this date: _____.

FILED DATE: 9/3/2025 2:21 PM   2025CH09023

FILED DATE: 9/3/2025 2:21 PM    2025CH09023

Case Number <u>2025CH09023</u>

☐ On the **Business's agent**: _____

<em>First, Middle, Last Name</em>

☐ Male ☐ Female ☐ Non-Binary  Approx. Age: _____  Race: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

## SERVICE ATTEMPTS

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

**First Attempt:** On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

Other information about service attempt:

_____
_____
_____

**Second Attempt:** On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

Other information about service attempt:

_____
_____
_____

**Third Attempt:** On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

Other information about service attempt:

_____
_____
_____

## SIGN

I certify under <u>735 ILCS 5/1-109</u> that:

1) everything in this document is true and correct, or I have been informed or I believe it to be true and correct, and

2) I understand that making a false statement on this form is perjury and has penalties provided by law.

Your Signature <u>/s/</u>_____   Print Your Name _____

You are: ☐ Sheriff in Illinois                      ☐ Special process server
         ☐ Sheriff outside Illinois: _____   ☐ Licensed private detective, license number: _____
         <span style="padding-left:3em"><em>County and State</em></span>                                        <em>License number</em>

**FEES:**

Service and Return: $_____   Miles: $_____   Total: $<u>0.00</u>_____

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 11

FILED
9/5/2025 3:22 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH09023
Calendar, 11
34327258

FILED DATE: 9/5/2025 3:22 PM   2025CH09023

r        d    r       d                                          12/01/20

CHANCERY                          M

| | |
Jasmine Valde | Case No. 2025 CH 09023 |
_____ Plaintiff | Claimed $: _____ |
v. | Return Date: _____ Time: _____ |
Tea Dating Advice, Inc. | Court Date: _____ Room No.: _____ |
_____ Defendant | |

Address of Court District for Filing

M

- [✔] General Appearance
- [✔] 0900 - Fee Paid
- [ ] 0904 - Fee Waived
- [ ] Jury Demand
- [ ] 0908 - Trial Lawyers Appearance - No Fee
- [ ] 1900 - Appearance and Jury Demand/Fee Paid
- [ ] Twelve-person Jury
- [ ] 1904 - Appearance and Jury Demand/No Fee Paid
- [ ] Six-person Jury

The undersigned enters the appearance of: ○ Plaintiff ○ Defendant

Litigant's Name: Tea Dating Advice, Inc.

Signature: /s/ Bonnie Keane DelGobbo

- [✔] Initial Counsel of Record
- [ ] Pro Se (Self-represented)
- [ ] 2810 Rule 707 Out-of-State Counsel (pro hac vice)
- [ ] Additional Appearance
- [ ] Substitute Appearance

◉ Atty. No.: 6309394    ○ Pro Se 99500

Name: Bonnie Keane DelGobbo Baker & Hostetler LLP

Atty. for (if applicable):
Tea Dating Advice, Inc.

Address: One N. Wacker Drive, S uite 3700

City: Chicago, Illinois

State: IL  Zip: 60606  Phone: 312-416-8185

Primary Email: bdelgobbo@bakerlaw.com

r   d      d   r r        r

M

*Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attornies) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)*

Pro Se Only:
- [ ] I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/ Bonnie Keane DelGobbo
Attorney for ○ Plaintiff ◉ Defendant

**Iris Y. Martinez**   r       r      r
r      r   r

Page 1 of 1

FILED
9/8/2025 4:30 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH09023
Calendar, 11
34351841

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

|  |  |
|---|---|
| JASMINE VALDEZ, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>against<br><br>TEA DATING ADVICE, INC.,<br><br>                Defendant. | Case No. 25CH09023<br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff JASMINE VALDEZ, by and through her attorney, JAY KUMAR LAW, move for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel, pursuant to 735 ILCS 5/2-801. If this Court alternatively determines that more evidence is necessary to decide this motion, Plaintiff respectfully requests that this ruling be deferred pending the completion of relevant class discovery.

## I.    INTRODUCTION

This is a putative class action complaint arising from Defendant's violations of the Illinois Biometric Information Privacy Act ("BIPA"). Defendant owns and operates the mobile app "Tea" – designed to give women an anonymous forum to discuss potential safety concerns with respect to men in their local dating market. In order to ensure that users on the app are women, Defendant requires users to be approved by uploading a selfie of themselves and a photo of their ID, using facial

recognition to verify that the user is female. However, the collection, retention, storage, and use of the biometric information collected failed to conform to the requirements of BIPA.

Recognizing the power of biometric information to identify people, and the evolving understanding of the ways in which biometric identifiers can be used, 740 Ill. Comp. Stat. 14/5, the General Assembly created several safeguards to help ensure that Illinois residents can maintain control over their biometric information. Companies may only collect information if they inform individuals up front what they are doing, and obtain informed written consent to do so, 740 Ill. Comp. Stat. 14/15(b), and must establish publicly available guidelines regarding when they will destroy that information, 740 Ill. Comp. Stat. 14/15(a). Companies collecting biometric information must also store and protect biometric data within a reasonable standard of care within the industry. 740 Ill. Comp. Stat. Ann. 14/15(e)(1).

**Proposed Class.** Pursuant to 735 ILCS 5/2-801, Plaintiffs seek to certify the following Class:

**All Illinois residents who had their facial geometry captured, collected, possessed, received, stored, otherwise obtained and/or used, by Defendant in Illinois.**

While the proposed Class is subject to the statute of limitations, Defendant has only operated the Tea App since 2023, so there are no anticipated issues with respect to the scope of potential Class members. All of the statutory requirements for class certification are met, as explained below.

FILED DATE: 9/8/2025 4:30 PM    2025CH09023

## II.    <u>ARGUMENT</u>

The proposed class should be certified because the prerequisites for the

maintenance of a class action are met here. 735 ILCS 5/2-801 Provides that:

> "Prerequisites for the maintenance of a class action. An action may be
> maintained as a class action in any court of this State and a party may
> sue or be sued as a representative party of the class only if the court finds:
>    (1) The class is so numerous that joinder of all members is
> impracticable.
>    (2) There are questions of fact or law common to the class, which
> common questions predominate over any questions affecting only
> individual members.
>    (3) The representative parties will fairly and adequately protect the
> interest of the class.
>    (4) The class action is an appropriate method for the fair and efficient
> adjudication of the controversy."

Because the state statute is modeled after Rule 23 of the Federal Rules of

Civil Procedure, federal court opinions with respect to Rule 23 are persuasive

authority for class certification issues in Illinois. *Avery v. State Farm Mut. Auto.*

*Ins. Co., 216 Ill. 2d 100, 125, 835 N.E.2d 801, 819 (2005)*. "If the parties have yet to

fully develop the facts needed for certification, then they can also ask the district

court to delay its ruling to provide time for additional discovery or investigation."

<u>Damasco v. Clearwire Corp.</u>, 662 F.3d 891, 896 (7th Cir. 2011), <u>overruled by</u>

<u>Chapman v. First Index, Inc.</u>, 796 F.3d 783 (7th Cir. 2015). Chapman overruled

Damasco and related cases only "to the extent they hold that a defendant's offer of

full compensation moots the litigation or otherwise ends the Article III case or

controversy.*" <u>Chapman v. First Index, Inc.</u>, 796 F.3d 783, 787 (7th Cir. 2015)*. A

plaintiff must file a class certification motion in order to prevent a Defendant's

FILED DATE: 9/8/2025 4:30 PM    2025CH09023

unilateral tender from destroying standing class certification of the proposed Class Representative. *Joiner v. SVM Mgmt., LLC, 2020 IL 124671, ¶ 58, 161 N.E.3d 923, 939.* Accordingly, Plaintiff brings this Motion for Class Certification early, as an abundance of caution, given the low statutory damages of BIPA, and the potential for a pick-off.

**Numerosity**. Defendant has approximately three million users of the Tea app – though that number may be growing after mainstream publicity it received following the data breaches (ironically). There are certainly hundreds, if not thousands, of users who have downloaded and submitted verification photos through the app within Illinois. The exact number of Illinois residents is only known to the Defendant. At this stage, Plaintiff need only provide an estimate as to the number of users. However, Plaintiff counsel briefly reviewed some of the postings through the Plaintiff's app, and there indeed appeared to be dozens and dozens of postings within the Chicago area alone. *Exhibit 1, Plaintiff's Counsel Affidavit.* Plaintiff will produce an exact number of Illinois residents during discovery.

**Common Questions of Law and Fact**. To satisfy the statutory requirement that a common question of fact or law predominates over questions affecting only individual class members, the plaintiff must show that the successful adjudication of his individual claim will establish a right of recovery in favor of the other class members. *Bayeg v. Admiral at the Lake, 2024 IL App (1st) 231141, ¶ 37* (citing *S37 Management, Inc. v. Advance Refrigeration Co., 2011 IL App (1st)*

*102496, ¶ 17).* Determining whether issues common to the class predominate over individual issues requires the court to identify the substantive issues that will control the outcome of the litigation, assess which issues will predominate, and then determine whether these issues are common to the class. *Id.* Issues common to the class predominate if a judgment in favor of the class members would decisively settle the entire controversy so that all that would remain is for the other class members to file proof of their claim. *Id.* The common questions include:

(1) whether Defendant collects, captures, or otherwise obtains biometric identifiers or biometric information from Illinois users,

(2) whether Defendant obtained valid written consent from Illinois users before capturing, collecting, or otherwise obtaining biometric data or information,

(3) whether Defendant had a publicly available policy regarding its use of biometric data,

(4) whether Defendant's storage of any biometric data or information belonging to Illinois users fell below the industry standard of security,

(5) whether Defendant's actions violate BIPA,

(6) whether Defendant's actions in violating BIPA were willful or reckless

(7) whether Plaintiffs are entitled to damages or injunctive relief

FILED DATE: 9/8/2025 4:30 PM   2025CH09023

Thus, the commonality requirement is easily met – as there would be hardly any individual variation in factual or legal matters within the proposed Class.

**Adequate Representation**. The test to determine the adequacy of representation is whether the interests of those who are parties to the case are the same as those who are not joined and whether the litigating parties fairly represent those not joined. *CE Design Ltd., 2015 IL App (1st) 131465, ¶ 16*. The bar for representational adequacy is low. *Bayeg, 2024 IL App (1st) 231141, ¶ 55*. For a class representative to be considered adequate, the class representative must: (1) be a member of the class; (2) not be seeking relief that is potentially antagonistic to non-represented members of the class; and (3) have the desire and ability to prosecute the claim vigorously on behalf of herself and the other class members. *Ballard RN Ctr., Inc. v. Kohll's Pharmacy & Homecare, Inc., 2014 IL App (1st) 131543, ¶ 46 (reversed in part on other grounds)*. Additionally, "[d]ue process requires that the plaintiffs' attorney be qualified, experienced, and able to conduct the proposed litigation. *Clark v. TAP Pharm. Prods., Inc., 343 Ill. App. 3d 538, 551, 798 N.E.2d 123, 133–34 (2003)*

The interests of Ms. Valdez align with the rest of the proposed class. Both Plaintiff and the proposed class are seeking statutory damages for BIPA violations with respect to their collection of biometric data through facial scans, the lack of adequate written notices, publicly availably written policies, and inadequate storage of biometric data. Plaintiff's interests are in no way divergent from those of

FILED DATE: 9/8/2025 4:30 PM   2025CH09023

FILED DATE: 9/8/2025 4:30 PM  2025CH09023

the proposed class. Plaintiff's counsel has regularly engaged in class action work in the areas of consumer protection and civil rights and thus will adequately protect the interests of the proposed Class. Consequently, the adequacy requirement is satisfied.

**Fair and Efficient Adjudication of the Controversy**. The fourth requirement is that a class action is an "appropriate method for the fair and efficient adjudication of the controversy." In deciding whether the fourth requirement for class certification is met, "a court considers whether a class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain." *Walczak v. Onyx Acceptance Corp., 365 Ill. App. 3d 664, 679, 850 N.E.2d 357, 371 (2006).* Where the first three requirements have been satisfied, the fair and efficient adjudication requirement may be considered satisfied as well. *Id.* Further, Further, "[a] controlling factor in many cases is that the class action is the only practical means for class members to receive redress—particularly where the claims are small." *Gordon v. Boden, 224 Ill. App. 3d 195, 203–04, 586 N.E.2d 461, 467 (1991).*


Here all Plaintiffs have relatively small individual claims, $1,000 for a negligent violation of BIPA, and at most, $5,000 for an intentional or reckless violation. 740 Ill. Comp. Stat. Ann. 14/20 (a)(1-2). Without proceeding as a class, a significant number of the proposed Class would be unable to bring their claims individually. Moreover, it does not appear that the Defendant will have any unique

FILED DATE: 9/8/2025 4:30 PM   2025CH09023

defenses that may vary per plaintiff – as all Class members appear to have been subjected to a uniform sign-up process. Finally, the previous three requirements have been adequately satisfied.

## III.   CONCLUSION

For all of the above reasons, the requirements of 735 ILCS 5/2-801 are easily satisfied. Thus, Plaintiff respectfully prays for this Court to certify the proposed class, appoint Ms. Valdez as Class Representative, and appoint Jay Kumar Law as Class Counsel. Plaintiff also respectfully requests that the Court may defer ruling on this motion pending the exchange of any necessary discovery and that Plaintiff may be able to supplement the submitted briefs, particularly with respect to the numerosity requirement.

Respectfully Submitted on behalf of Plaintiff,

**/s/ Jay Kumar**

Jay Kumar Law
Jay Kumar
211 W. Wacker Dr, Suite 200B
Chicago, IL 60606
Tel: 312-767-7903
Jay@jaykumarlaw.com
Attorney No. 60100
ARDC: 6319314
*Counsel for Plaintiff and the Putative Class*

FILED DATE: 9/8/2025 4:30 PM   2025CH09023

CERTIFICATE OF FILING

I hereby certify that on September 8th, 2025, I caused the foregoing

<u>Plaintiff's Motion for Class Certification</u> to be electronically filed with the

Clerk of Court using the Cook County E-Filing system.


<u>**/s/ Jay Kumar**</u>

Counsel for Plaintiff and the Proposed Class

FILED
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH09023
Calendar, 11
34351841

FILED DATE: 9/8/2025 4:30 PM   2025CH09023

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## CHANCERY DIVISION

JASMINE VALDEZ, on behalf of themselves
and all others similarly situated,

                                    Plaintiffs,

                against

TEA DATING ADVICE, INC.,

                                    Defendant.

Case No. 25CH09023

**JURY TRIAL DEMANDED**

## <u>AFFIDAVIT OF JAY KUMAR</u>

1. I am above 18 years of age and a resident of Illinois.
2. I have personal knowledge of the facts of this affidavit, and if called as a witness, I can testify competently about them.
3. I personally viewed postings within Defendant's "Tea" app by viewing the Plaintiff's app on her phone, sometime during the first week of August 2025.
4. I witnessed that the app populated numerous postings of men in the Chicago area.
5. Although I did not precisely count how many separate accounts were posting, I scrolled by several dozen.
6. Because of my viewing of postings on the apps, I have an independent and good faith reason to believe the number of potential class members at least exceeds 40 or 50 plaintiffs.

Under the penalties provided by Illinois law, the undersigned certifies that the statements set forth in this affidavit are true and correct.

Respectfully submitted and attested to on September 8th, 2025,

**<u>/s/ Jay Kumar</u>**
Counsel for Plaintiff and the Proposed Class